No. 24885.

THE PEOPLE OF THE STATE OF COLORADO *v.*
MICHAEL GREATHOUSE.
(476 P.2d 259)

Decided November 9, 1970.

104

MARTIN G. DUMONT, District Attorney, MICHAEL J. FITZGERALD, Deputy, for plaintiff-appellee.

CLARK, WENDT, OATES & AUSTIN, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal by a defendant charged with several crimes of theft. He seeks review of a ruling of the trial court which partially denied a motion to suppress evidence.

An informant advised the chief of police of Aspen, Colorado, that she had seen items of furniture and other articles in the defendant's apartment and that they had

recently been moved into the apartment. She described the articles, and her descriptions were similar to those of items recently reported stolen in Pitkin County.

An employee of the police department was present at the time the informant conferred with the chief of police. This employee later reported to the chief of police that the defendant, whom he had known when they were college students in Connecticut, had invited the employee to defendant's apartment because the defendant was considering leaving Aspen and the employee might want to rent the apartment. At one time the police chief testified that the employee stated that he was going to look at the apartment as possible living quarters and would "keep his eyes open." At another time the police chief stated that he told the employee that, if he visited the apartment, to "keep his eyes open." The chief testified that he did not ask the employee to go to the apartment nor suggest that he do so. The employee did visit the defendant at the apartment and there saw the articles described by the informant and noted the similarity to descriptions contained in theft reports.

An affidavit to obtain a search warrant was filed with the county court. This contained the information that the descriptions of articles by the informant and by the employee were similar to those given by persons from whom items had been stolen. A search warrant was issued.

The warrant designated as the property to be seized a black leather easy chair, a grey wolf fur bedspread, a model No. 230 Sony Tapedeck, KLH matching stereo speakers, miscellaneous records and an 18″ GE model CBM television set. The items described had been taken in three separate thefts. The officers found all articles mentioned in the search warrant except the stereo speakers. These, together with a large number of other items, were seized, hauled away and impounded. In fact, from the inventory it appears that they removed practically all moveables in the apartment. In the information

the defendant was charged with the felonious taking both of articles mentioned in the warrant and other articles which were seized during the search. The defendant moved to suppress as evidence all items seized. The court ruled that only items mentioned in the search warrant could be admitted in evidence, and that the remainder of the property seized should be returned to the defendant, with some exceptions noted later herein.

## I.

The defendant submits that the visit to the apartment by the police employee was an exploratory search of a police agent and that under *Gouled v. United States,* 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921), and *McGinnis v. United States,* 227 F.2d 598 (1952), the subsequent search was invalid. We do not regard either *Gouled* or *McGinnis* as being in point. There was ample evidence to support the court's finding that the visit by the employee was legitimately in response to an invitation by the defendant, and that the search was not invalidated by the fact that he made observations which became part of the basis for the warrant. In *Hoffa v. The United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), there was a much closer connection between the intendment of law enforcement officials and the visit of the informant to Mr. Hoffa's hotel suite. In *Hoffa* no seizure of tangible property was involved, but rather inculpatory statements made by Mr. Hoffa in the presence of the informant were admitted into evidence. We think, however, the reasoning of that opinion is applicable here.

## II.

The defendant contends that the affidavit does not contain sufficient corroborative information as to the reliability of the informant and the employee. The similarity of descriptions given by these two persons of the articles in the apartment with the descriptions contained in theft reports was sufficient independent proof of the reliability of the informant and the employee and con-

stituted sufficient probable cause for the issuance of the warrant. *Rugendorf v. United States,* 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964).

### III.

 The defendant argues that the rather extensive seizure of articles in the apartment not designated in the search warrant caused the entire search and seizure to be void. In support of this proposition *Harris v. United States,* 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); *State v. Paul,* 80 N.M. 521, 458 P.2d 596 (1969); and *People v. Bosco,* 56 Misc.2d 1080, 290 N.Y.S.2d 481 (1968) are cited. The district attorney has not responded to the argument. Neither *Harris* nor *Paul* support this proposition and, while *Bosco* does, we do not find it persuasive.

The testimony disclosed that from statements made by the defendant during the search and other circumstances, the sheriff, who was conducting the search, would have reason to believe that many of the articles seized (which were not designated in the warrant) may have been stolen. We are not convinced that seizure of items not designated in a warrant will make the articles so designated inadmissible in evidence. In any event, in the light of the possibility of theft of non-specified items and under the provisions of Crim. P. 41(e), the seizure of the property not specified did not render the specified items inadmissible. *Brooks v. United States,* 416 F.2d 1044 (1969); and *United States v. Russo,* 250 F. Supp. 55 (1966).

### IV.

We find the other matters raised by the defendant to be without merit.

### V.

In the court's oral ruling following the conclusion of the hearing the court stated that the motion to suppress was denied, "with the order that all articles not named in the search warrant and not in themselves contraband be returned to the defendant." We assume that by "contraband" the court referred to suspected marijuana

which was seized. It is this ruling which we affirm. We do not believe that the court held that the contraband was admissible in evidence. Certainly we do not so rule.

Earlier, the court made the following statement:

"But the Court will order that all articles that were seized other than the articles named in the search warrant, which articles were not in themselves contraband articles and recognizable as such — all articles that were not laying out in plain sight, such as articles — there was some testimony about articles that were in drawers of a dresser or a chest of drawers or something, that those articles be returned to the defendant as being articles taken outside of the scope of authority given by the search warrant."

It may be that the district attorney will seek to admit in evidence articles, which were not designated in the warrant and which the court ordered returned, under the proposition that, while conducting a reasonable search the searching officers encountered items which they reasonably believed to have been stolen; or may seek to admit them under some other rule. If so, he immediately should so advise the court and defense counsel in order that the court may have opportunity to designate the additional articles, if any, which may be admitted in evidence. In such event, it may be necessary for the court to hear further testimony.

Ruling affirmed.

MR. JUSTICE HODGES not participating.