## No. 26051

## The People of the State of Colorado v. Ernest Leroy Goff
(530 P.2d 512)

Decided November 25, 1974.          Rehearing denied December 16, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

John L. Springer, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

The defendant Goff was convicted by a jury of assault against a peace officer with a deadly weapon (1967 Perm. Supp., C.R.S. 1963, 40-7-54) and conspiracy to commit the same offense (C.R.S. 1963, 40-7-35). On appeal, he asserts that the trial court committed error in denying his motion for a judgment of acquittal. Alternatively, he claims that reversible error occurred when the prosecutor cross-examined him about his conviction by a jury of the crime of robbery. At the time the defendant was tried, a motion for a new trial was pending in the robbery case, and the conviction was not final. Under the circumstances of this case, we find no reversible error and affirm.

The defendant has a long criminal record, which includes a previous jail break. The events which led to the charges in this case were tied to the defendant's participation with two other prisoners in a forcible escape from the Adams County jail. A co-defendant, Stanley Parker, handed a note to a prison guard and

brandished a knife to gain control of the guard. The note cryptically ordered the guard to take the three prisoners to another part of the jail and advised the guard that all three prisoners had knives. The note said, in part, "one false move and you're dead." The guard complied with the prisoners' demands, and an escape was accomplished.

## I.
### Motion for Judgment of Acquittal

As we said in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973):

"The issue before the trial judge is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt."

Viewing the record in the light most favorable to the prosecution, there was substantial evidence, and the issue of guilt was properly presented to the jury for determination.

An assault is "an unlawful attempt coupled with a present ability to commit a violent injury on the person of another." C.R.S. 1963, 40-2-33. Goff contends that the conditional threat of death does not suffice and asserts that no attempt was made to commit a battery on the guard. We could not sustain the defendant's contention without overruling *Johnson v. People,* 174 Colo. 413, 484 P.2d 110 (1971), which we do not elect to do. In *Johnson,* we declared:

"An attempt merely requires some overt act beyond mere preparation. The overt act necessary to establish an attempt need not be the last proximate act necessary to consummate a battery."

The evidence before us establishes that Goff participated with Parker in the jail break and that Parker had the apparent present ability to carry out the threat of death which he imposed upon the guard. The jury was properly instructed, and we will not disturb their verdict.

## II.
### Prosecutorial Misconduct

Overzealous prosecution continues to be a serious problem. In this case, Goff took the stand and acknowledged on direct

examination that he had committed a series of felonies. On cross-examination, the prosecutor inquired about the defendant's recent conviction of robbery, which was, in fact, the basis for his confinement in the Adams County jail. The defendant acknowledged his conviction over his counsel's objection. A jury had convicted Goff of the crime of robbery, but a motion for a new trial was still pending. Goff contends that until the motion for a new trial was disposed of, the judgment was not final and could not be used for the purpose of impeachment. C.R.S. 1963, 154-1-1. We agree, but find the error in this case to be harmless.

The same issue was reached in *City of Boston v. Santosuosso,* 307 Mass. 302, 30 N.E.2d 278 (1940), when a conviction which was not final was offered for the purpose of impeachment. In *Santosuosso, supra,* the Supreme Judicial Court of Massachusetts said, in construing a statute similar to ours:

''Whatever this word [conviction] may mean in other connections . . . in this statute it imports a sentence.''

*See also Commonwealth v. Finkelstein,* 191 Pa. Super. 328, 156 A.2d 888 (1959).

■ The obvious policy behind the requirement that a judgment of conviction be final before it is utilized for impeachment purposes is to guarantee that an accused will be subject to impeachment only after the trial judge has passed upon a motion for a new trial and has imposed sentence. In short, the accused is entitled to have the trial judge determine that the jury convicted him on competent evidence and that error did not occur which would require a new trial. *Cook v. People,* 129 Colo. 14, 266 P.2d 776 (1954).

■ We interpret C.R.S. 1963, 154-1-1 to permit the use of only those convictions, for the purpose of impeachment, that are final. A jury verdict which has not been tested by a motion for a new trial and has not been then supported by the imposition of sentence cannot be used for the purpose of impeachment.

In this case, reversal is not required because the defendant acknowledged that he had been convicted of a series of other felonies which preceded and antedated his conviction by a jury of the crime of robbery. *See Commonwealth v. Finkelstein, supra.* In view of the prior felonies which were properly introduced as

evidence at trial, the error committed by the district attorney does not amount to prejudicial error in this case. *See Segura v. People,* 159 Colo. 371, 412 P.2d 227 (1966), and *Hampton v. People,* 146 Colo. 570, 362 P.2d 864 (1961), for a discussion of harmless error.

Accordingly, we affirm.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE KELLEY concur.