No. 26614
No. 26582
No. 26583

**The People of the State of Colorado v. Tommy Lee Johnson and Llewelyn Edward Jones**

(560 P.2d 465)

Decided February 22, 1977.                Rehearing denied March 14, 1977.

Robert L. Russel, District Attorney, Ronald T. Rowan, Chief Deputy, Stephen J. Barr, Deputy, Gregory L. Johnson, Special Counsel for plaintiff-appellee.

Brian J. Mullett, for defendant-appellant Tommy Lee Johnson.

Robert M. Moyers, for defendant-appellant Llewelyn Edward Jones.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendants, Tommy Lee Johnson and Llewelyn Edward Jones, were charged in multiple counts with different acts of aggravated robbery. Section 18-4-302, C.R.S. 1973. Both defendants were granted separate trials before different juries and were convicted. As to one count, which alleged the commission of a robbery by the defendants, they were jointly tried.

The defendants' appeals allege several errors occurring during their joint trial: (1) use of prior convictions to impeach their testimony, (2) evidence seized and introduced at trial in violation of the warrant requirement of the Fourth Amendment, and (3) prejudice resulting from failure to sever the trials. We affirm.

## I.
### Use of Prior Convictions to Impeach

The prosecution sought to impeach the testimony of both defendants by introduction of evidence of prior convictions pursuant to 13-90-101, C.R.S. 1973. The "convictions" were based upon jury verdicts of guilty and the denial of motions for a new trial in the preceding separate trials of the defendants. In both cases, the defendants had not been sentenced. The defendants contend that this was reversible error under the rule announced in *People v. Goff*, 187 Colo. 57, 530 P.2d 512 (1974) (jury verdict which has not been tested by motion for new trial "and has not been supported by the imposition of sentence" cannot be used for impeachment purposes).

The essential function of the rule articulated in *People v. Goff, supra*, was to insure that impeachment would not be based upon a conviction which had not withstood the test of judicial scrutiny and the review provided by a motion for a new trial: "[T]he accused is entitled to have the trial judge determine that the jury convicted him on competent evidence and that error did not occur which would require a new trial." *People v. Goff, supra*. The function was fulfilled in this case. Both defendants received a ruling on their motions for a new trial on the offense in issue prior to the use of the convictions in this case.

There is ample authority from other jurisdictions for the proposition that a felony conviction, after denial of a motion for a new trial, but prior to sentencing, may, nonetheless, be used for impeachment purposes. *See generally* Annot., 14 A.L.R.3d 1272 (1967). That portion of the rule in *People v. Goff, supra*, requiring sentencing as a condition precedent to subsequent use of a conviction for impeachment purposes does not stand alone and does not go to the heart of the "truth-finding function" or raise "serious questions about the accuracy of guilty verdicts." *People v. Moreno*, 176 Colo. 488, 491 P.2d 575 (1971), *quoting Williams v. United States*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971). Accordingly, we find no prejudice in this deviation from the letter of the rule in *People v. Goff.*

## II.
### Validity of the Search Warrant

The defendants argue that certain evidence introduced at trial was seized from a residence and automobile pursuant to a search warrant which was based upon a defective affidavit. The affidavit related details of two similar armed robberies which were reported to the Colorado Springs Police Department. In both robberies, the victims were bound with leather

thongs. In one robbery, credit cards were taken. The affidavit also averred that the police department had received a report from a credit card security officer regarding the attempted use of one of the stolen credit cards by a female who was observed getting into a 1966 Cadillac bearing a specified license plate number. The affidavit also set forth that the license plate number was traced to the names of two parties, one of them defendant Jones, living at a specified address in Colorado Springs.

The affidavit described the police efforts to contact the persons residing at the address. The affiant stated that the investigation established that "persons were in the interior of the residence, however these individuals refused to answer the door" and that a 1966 Cadillac bearing the previously-reported license plate was parked in the driveway and that leather thongs were visible inside the car.

■ The affidavit was sufficient to establish a factual basis for a finding of probable cause by the magistrate. The underlying facts in the affidavit indicate that the three crimes were interconnected by a *modus operandi* as to the robberies. The theft and subsequent attempt to use a credit card were also tied to the robberies. The tracing of the credit card led to facts which gave probable cause to believe that evidence of the commission of the crimes would be found on the premises to be searched. *See People v. Brethauer*, 174 Colo. 29, 482 P.2d 369 (1971).

■ As to the use of hearsay in the affidavit, we find no defects of constitutional dimension under the doctrines developed from the seminal case of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). First, the fact that two informants were *victims* reporting *similar* crimes was sufficient to establish probable cause that the similar crimes occurred. *See McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) (informant's direct observation of criminal conduct sufficient to establish reliability of informant's conclusion of criminal conduct); *People v. Glaubman*, 175 Colo. 41, 485 P.2d 711 (1971) (delineating similar "citizen-informant" rule); *People v. Lucero*, 182 Colo. 39, 511 P.2d 468 (1973) (same); and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct.584, 21 L.Ed.2d 637 (1969) (partially corroborated information may be "as reliable as one which passes *Aguilar's* requirements when standing alone"). Insofar as the information was supplied by fellow officers investigating these crimes, it was likewise acceptable. *See, e.g., People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971).

The reports by the robbery victims and investigating officers were further corroborated by the report from the credit card security officer. While the official position and detailed report of the informant may alone provide some basis for crediting the reliability of his report, it was further corroborated by the investigating police officer's on-the-scene observation of the residence and the automobile. *See Spinelli v. United States, supra; United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13

L.Ed.2d 684 (1965); *Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); *People v. Greathouse*, 173 Colo. 103, 476 P.2d 259 (1970).

■ The trial judge properly interpreted the affidavit in a common-sense and realistic fashion. *See People v. Brethauer, supra; People v. Whisenhunt*, 173 Colo. 109, 476 P.2d 997 (1970). The police officers properly delayed their search of the premises and sought the ruling of a neutral magistrate on the sufficiency of their information before proceeding further. *See People v. Whisenhunt, supra.*

■ Because probable cause was established on the face of the affidavit and a "substantial basis" for crediting the hearsay appeared within the four corners of the affidavit, the warrant was sufficient.[1]

## III.
### Failure to Sever Trial of Co-Defendants

■ Defendant Johnson contends that his right to a fair trial was prejudiced by his joint trial with the defendant Jones. We disagree.

■ There being no claim that the joint trial involved evidence admissible against only one of the defendants, the matter of severance was left to the discretion of the trial court. *See* section 16-7-101, C.R.S. 1973; *People v. Maestas*, 183 Colo. 378, 517 P.2d 461 (1973). There were only two defendants in this case, the evidence against each was substantially identical, and the trial was relatively brief and uncomplicated. Defendant Johnson did not run the risk of jury confusion as to the incriminating evidence in the case. Moreover, the trial court specifically found that the defenses present were not "antagonistic." Severance is to be based upon a finding of *prejudice* rather than simply the differences which are incidental to any trial of more than one defendant. *Compare Eder v. People*, 179 Colo. 122, 498 P.2d 945 (1972) (prejudice found); *with People v. Maestas, supra* (no prejudice found). *See also American Bar*

---

[1] The police officers investigating the scene saw leather thongs inside the 1966 Cadillac. Defendant Johnson had no privacy interest in the vehicle. *See Alderman v. United States*, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Any interest of Jones did not extend to protection of objects inside the car which were in plain view to any passerby. *See People v. Counterman*, 192 Colo. 152, 556 P.2d 481 (1976) (discussing privacy expectation with regard to automobile); *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Defendants also contend that the "plain view" doctrine is inapposite because, in walking through an unfenced driveway to inquire at the premises, the police officers were "trespassing." Whether the use of the driveway constituted a civil tort is irrelevant. The key question for our purposes is whether those with standing to object to incursions upon the premises had a "reasonable expectation of privacy" which was violated by someone walking up a driveway. *See Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The Fourth Amendment does not incorporate the civil law of trespass. *See Air Pollution Variance Board v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974), *rev'g* 510 P.2d 907 (Colo.App. 1973) (not selected for official publication); *Katz v. United States, supra, overruling Olmstead v. United States*, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944 (1928) (trespass theory of Fourth Amendment).

*Association Standards Relating to Joinder and Severance* § 2.3(b) and Comment (1968). The trial court did not abuse its discretion, and no denial of fundamental fairness occurred which would constitute a denial of due process.

We find the defendants' remaining contentions to be without merit.

Accordingly, we affirm the judgments of the trial court.