The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ramon BACA, Defendant-Appellant.

No. 79CA0059.

Colorado Court of Appeals, Division IV.

April 3, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Robert Breindel, Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN,* Judge.

Defendant was found guilty by a jury of aggravated robbery and conspiracy to commit aggravated robbery. He appeals the judgment entered thereon. We affirm.

On appeal defendant asserts two grounds of error: That the trial court erred in not granting defendant's motion for a mistrial on the ground of prosecutorial misconduct during the voir dire examination of prospective jurors; and that it erred in ruling that an accepted guilty plea upon which defendant had not been sentenced, on a previous charge, constituted a conviction which could be used to impeach defendant's testimony, if he should elect to testify.

I.

During the voir dire, the prosecutor made the following statements:

"MR. MUNCH: Okay, Mr. Groom, one other thing. Since you know of some people in the FBI, and again this relates to t.v., all we do in court—all we are allowed to do in court is prove the facts that are related to the offense.

Now on t.v., they show you how the police solved it. What caused the police to find this person as a suspect and show pictures or whatever. You aren't going to see that here. That may be interesting and really fun to know what the police do to solve it, but in court all we are allowed to do is show the facts of the offense and not the policeman's job.

As to a detective who was involved in the case, you may hear him for a couple minutes, and he won't tell you anything about the way he did his job. You will just hear from the witnesses who were there.

Will that bother anybody at all? Does anybody feel it should be different than that?

A: No.

Q: Understanding there is good reason why what we do is concern ourselves with the facts of the case. We are not here to judge the detectives on whether they do good work or bad, but we are here to judge whether the crime happened and all the elements of the crime have been proven and whether or not the defendant

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1979 Cum.Supp.).

is the one who did it. That's all I have on that.

There is no reason why you couldn't be fair and impartial?

A: No."

Defendant made no objection at the time, but at the close of the voir dire moved for a mistrial, asserting that the statements inferred that the People had proof of defendant's guilt which they would not be allowed to present to the jury, and thus, that the statements were prejudicial. The trial court did not agree with that interpretation and denied the motion.

■ "The grant or denial of a mistrial rests in the trial court's sound discretion and will not be disturbed absent 'gross abuse of discretion to the prejudice of the defendant. . . .'" *People v. Sexton*, 192 Colo. 81, 555 P.2d 1151 (1976). We find no such abuse of discretion here. The remarks were "not so couched as to especially reflect upon defendant. We cannot say that [these remarks] influenced the jury or reflected adversely upon the issue of defendant's guilt or innocence. [They] therefore [do] not constitute reversible error." *McCune v. People*, 179 Colo. 262, 499 P.2d 1184 (1972).

## II.

■ After the prosecution rested its case, a hearing was held on the issue of whether, if the defendant testified, he could be impeached by use of a prior conviction in a case in which defendant had pled guilty, which plea had been accepted by the court, but in which no sentence had yet been imposed. The trial court ruled that the conviction could be used for impeachment, and defendant elected not to testify. In reliance on *People v. Goff*, 187 Colo. 57, 530 P.2d 512 (1974), defendant contends the ruling constituted reversible error. We do not agree.

It is true that in *Goff, supra*, the court held that: "A jury verdict which has not been tested by a motion for a new trial and has not been then supported by the imposition of sentence cannot be used for the purpose of impeachment." However, in *People v. Johnson*, 192 Colo. 483, 560 P.2d 465 (1977), the Supreme Court pointed out that it was the lack of a motion for new trial, and not the lack of sentencing, which precluded the use of the conviction for impeachment.

In *Johnson, supra*, the Supreme Court affirmed the trial court's ruling which permitted the use of convictions in which verdicts of guilty had been returned by the juries, and motions for new trial had been denied, but in which the defendants had not been sentenced. The court stated:

"That portion of the rule in *People v. Goff, supra*, requiring sentencing as a condition precedent to subsequent use of a conviction for impeachment purposes does not stand alone and does not go to the heart of the 'truth-finding function' or raise 'serious questions about the accuracy of guilty verdicts.' *People v. Moreno*, 176 Colo. 488, 491 P.2d 575 (1971) . . . ."

■ Defendant would equate a guilty plea with a verdict which has not been tested by a ruling on a motion for a new trial. However, it is more accurately equated with a verdict which has been sustained following the motion. Prior to the acceptance of a guilty plea, the "truth-finding function" is fulfilled at the providency hearing conducted pursuant to Crim.P. 11(b).

Defendant also relies on Crim.P. 32(c) which provides in part: "A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, and cost(s) if any are awarded against the defendant." However, "the term 'conviction' may have a different meaning in different statutory contexts." *People v. Jacquez*, Colo., 588 P.2d 871 (1979). Therefore, the meaning of "conviction" here must depend on construction of the statutes involved. The distinction between "judgment of conviction" and "conviction" was discussed in *People v. Jacquez, supra*, and *Swift v. People*, 174 Colo. 259, 488 P.2d 80 (1971). We are here concerned with "conviction."

■ The pertinent statutes provide: "The acceptance by the court of a plea of

guilty . . . acts as a conviction for the offense." Section 16–7–206(3), C.R.S. 1973 (1978 Repl.Vol. 8), and "[T]he conviction of any person for any felony may be shown for the purpose of affecting the credibility of [a] witness." Section 13–90–101, C.R.S.1973.

Also, in *Swift v. People, supra*, in holding that the sentence was not a part of the conviction within the purview of the Habitual Criminal Act, the court noted that "conviction" is frequently used "in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty."

Thus, it is immaterial whether guilt is established by a verdict of guilty, supported by a denial of a motion for new trial, or by a plea of guilty. Therefore, the ruling in *People v. Johnson, supra*, that a conviction for impeachment purposes does not require the imposition of sentence is as applicable to convictions arising from the acceptance of a guilty plea as it is to convictions following a guilty verdict. The ruling of the trial court here was correct.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.