The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Jeffrey Robert GAGNON,
Defendant-Appellant.

No. 83CA0975.

Colorado Court of Appeals,
Div. II.

April 18, 1985.

Rehearings Denied May 30, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Jeffrey Robert Gagnon, appeals from a judgment of conviction entered on jury verdicts finding him guilty of two counts of felony menacing. We reverse and remand for a new trial.

The incident from which the charges arose began as a series of verbal confrontations between the occupants of two motor vehicles. Ultimately, both vehicles stopped and the passengers alighted, meeting in the middle of the street. A fight ensued between defendant in the one car and two passengers from the other vehicle. During the course of the fight, John Demarest II was allegedly stabbed by defendant.

Prior to trial, the district attorney filed a motion *in limine* to preclude the defense from introducing, for impeachment purposes, evidence of Demarest's two recent felony drug convictions. As grounds for the motion, the district attorney argued that Demarest had yet to file his motions for new trial and that, therefore, the convictions were not final pursuant to § 13–90–101, C.R.S., and could not be used for impeachment purposes. *See People v. Johnson*, 192 Colo. 483, 560 P.2d 465 (1977); *People v. Baca*, 44 Colo.App. 167, 610 P.2d 1083 (1980).

At the hearing, and in light of these authorities, defendant asked for a continuance until such time as the motions for new trial had been filed and ruled upon. The trial court denied defendant's motion for a continuance and granted the district attorney's motion *in limine*, thus precluding

any reference to Demarest's convictions. Defendant asserts that these rulings of the trial court constituted error. We agree.

The granting or denial of a motion for a continuance is a matter within the sound discretion of the trial court, and, absent an abuse of that discretion, the court's ruling will not be disturbed. *People v. Billington*, 191 Colo. 323, 552 P.2d 500 (1976). However, such an abuse will be found if the defendant suffers substantial prejudice as a result of a denial of the continuance. *See People v. Holcomb*, 187 Colo. 371, 532 P.2d 45 (1975); *People v. McCabe*, 37 Colo. App. 181, 546 P.2d 1289 (1975). Here, the defendant has sustained his burden of demonstrating substantial prejudice.

 There is no question but that evidence of a witness' prior felony convictions can be used on cross-examination for impeachment purposes. *People v. Taylor*, 197 Colo. 161, 591 P.2d 1017 (1979); § 13–90–101, C.R.S.

 The crime of which defendant was convicted here was felony menacing. The specific intent to cause fear of serious bodily injury is the gravamen of this offense. *People v. McPherson*, 200 Colo. 429, 619 P.2d 38 (1980); § 18–3–206, C.R.S. (1978 Repl.Vol. 8). While it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, *People v. Stout*, 193 Colo. 466, 568 P.2d 52 (1977), nonetheless what the victim saw or heard, and his reactions thereto, are relevant considerations in determining whether defendant had the requisite intent to place him in fear. Therefore, here, the credibility of Demarest's testimony was crucial, and the opportunity of the defendant to discredit that testimony was an essential part of his case.

The record reflects no prejudice that would have resulted from a short continuance to allow Demarest's convictions to become final. This is particularly true inasmuch as the same district attorney and trial court were responsible for finalizing these convictions.

We hold, therefore, that the trial court abused its discretion in not granting the requested continuance.

The judgment is reversed and the cause is remanded for a new trial.

BERMAN and VAN CISE, JJ., concur.