**The PEOPLE of the State of Colorado,** Plaintiff-Appellee,

v.

**Hollis R. BRELAND,** Defendant-Appellant.

**No. 84CA1443.**

Colorado Court of Appeals, Div. II.

Oct. 30, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

E.M. Davis, Dolores, for defendant-appellant.

SMITH, Judge.

Defendant, Hollis R. Breland, appeals the judgment of conviction entered on a jury verdict finding him guilty of two counts of felony menacing. We affirm.

On the evening of February 20, 1984, off-duty deputy sheriff Larry Staats encountered defendant in a bar. Defendant, who was very intoxicated, offered Staats some pills and told him that he also had some cocaine if Staats was interested. According to Staats, the two later went to defendant's home, where defendant pulled out a gun, pointed it at Staats, cocked it, and said, "You're a dead son-of-a-bitch." Staats grabbed the barrel and a struggle ensued, during which the gun went off. Staats was able to get the gun away from defendant, and shortly thereafter left the house, taking the weapon with him.

Staats then contacted Detective Jim Shethar, of the local police department, to whom he had been reporting over the

course of the evening, and related what had happened. The officers discussed the situation and decided to arrest defendant immediately rather than waiting to get an arrest warrant.

Detective Shethar and several other officers proceeded to defendant's residence. A large picture window with the drapes open, an open front door with a glass storm door, and lights on inside the residence afforded the officers an unobstructed view of the interior of defendant's front room where they saw a young man, later identified as defendant's eighteen-year-old son, holding a shotgun.

Detective Shethar went to the front door and was able to hear the son and another male, whom he could not see, discussing guns. The other officers positioned themselves around the house. When Detective Shethar saw the son open the action of the shotgun as if to load it, he entered the house with his weapon drawn, announced that he was a police officer and ordered the man to "freeze." The son dropped the shotgun and ran into the kitchen.

Defendant then emerged from the kitchen with a gun, aimed it at Detective Shethar, fired at close range and missed. The detective, as well as the officers outside, fired back at defendant, who was struck in the arm by one bullet. Defendant was then taken into custody.

## I.

Defendant first argues that the trial court erred by denying his motion to suppress all evidence taken subsequent to Detective Shethar's warrantless entry into his residence. The People contend that no warrant was needed to enter defendant's home after the officers saw his son inside with a shotgun because the overall facts clearly established exigent circumstances.

■ Even when police officers have probable cause to believe that a person has committed a crime, they may not enter a private residence to effect a warrantless arrest unless there is consent to the entry or unless exigent circumstances are present. *McCall v. People*, 623 P.2d 397 (Colo.1981). If an illegal entry has been made, the exclusionary rule serves to bar the admission of evidence which is the direct fruit or product of the initial illegality. *People v. Hogan*, 649 P.2d 326 (Colo.1982).

■ In this case, we conclude that the challenged evidence was not the product of the officers' entry.

The evidence supporting the first count of felony menacing was obtained prior to the warrantless entry. That offense was premised upon the confrontation between defendant and Deputy Staats following Staats' initial invited entry into defendant's home. The physical evidence relative to that offense was the gun taken away from defendant by Staats at that time, well before the warrantless entry.

■ The second charge of felony menacing stems from defendant's actions once a police officer was already inside his home. At that point he committed a new and independent crime. Hence, evidence probative of that offense was not a product of the warrantless entry and, thus, was not subject to suppression pursuant to the exclusionary rule. Defendant cannot use the exclusionary rule as a shield to prevent prosecution for a criminal offense that he committed after police had entered his house.

As to the second count of felony menacing, the circumstances surrounding the officers' entry presented defendant with the opportunity of asserting the affirmative defenses of defense of property and self defense. However, the issues concerning those defenses were independent of the issues related to the suppression of the challenged evidence, and the jury was properly instructed as to such defenses and still found defendant guilty of felony menacing. Accordingly, the trial court did not err in refusing to suppress the challenged evidence.

## II.

■ Defendant next contends that the trial court erred by denying his motion for

judgment of acquittal. He argues, that in light of his intoxicated state, the prosecution failed to prove beyond a reasonable doubt that he had the capacity to form the specific intent necessary to commit the crimes of first and second degree assault.

However, it is not necessary to address this issue since defendant was acquitted of both of these charges. He was convicted only of felony menacing, which is a general intent crime for which voluntary intoxication is not a defense. Further, evidence of self-induced intoxication is not admissible to negate the culpability element of knowingly. *See* §§ 18–1–501, 18–1–804, 18–3–206, C.R.S. (1986 Repl. Vol. 8B); *People v. Aragon,* 653 P.2d 715 (Colo.1982).

### III.

Defendant's last contention is that the trial court erred in denying his motion for a new trial based upon ineffective assistance of counsel. He argues that his counsel did not provide the constitutionally

mandated effective assistance because he failed to enter contemporaneous objections at trial to the evidence which had been the subject of the unsuccessful motion to suppress and, therefore, did not preserve these issues for review on appeal.

Since we do not agree that a contemporaneous objection was necessary in order to preserve these issues for review, we perceive no error in the trial court's denial of his motion for new trial. *See Uptain v. Huntington Lab, Inc.,* 723 P.2d 1322 (Colo. 1986); *cf. Higgs v. District Court,* 713 P.2d 840 (Colo.1986).

The judgment is affirmed.

VAN CISE and METZGER, JJ., concur.