The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jose M. ESPARZA,
Defendant–Appellant.

No. 86CA1552.

Colorado Court of Appeals,
Div. I.

June 30, 1988.

Rehearing Denied Aug. 4, 1988.

Certiorari Pending Oct. 4, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Jose Esparza, appeals from the judgment of conviction entered following a jury verdict finding him guilty of felony menacing, a class 5 felony. Section 18–3–206, C.R.S. (1986 Repl.Vol. 8B). We affirm the conviction.

Defendant initially contends the trial court committed reversible error by overruling his objection to alleged improper summation by the prosecutor. We do not agree.

While it is true that the written statement that is the subject of the contention was not introduced into evidence, there is uncontested testimony that the victim had indeed made such a statement to the police, that it was accurate according to the victim's recollection as refreshed, it had been given less than an hour after the offense, and that the victim had reviewed it prior to trial. There was also testimonial evidence as to the contents of the statement. A prosecutor may argue all reasonable inferences from evidence in the record, and is permitted to make fair comment on evidence received. *People v. DeHerrera*, 697 P.2d 734 (Colo.1985). We cannot say that the prosecutor's remarks here constituted reversible error, when viewed in context. *See People v. Nave*, 689 P.2d 645 (Colo. App.1984).

Defendant further argues the court erred when it refused to instruct the jury that self-induced intoxication is an affirmative defense to the crime of felony menacing. He grounds this argument on the apparent inconsistencies between *People v. Breland,* 728 P.2d 763 (Colo.App.1986) and *People v. Gagnon,* 703 P.2d 661 (Colo.App. 1985), in their treatment of the requisite culpable mental state element of felony menacing and, thus, the availability of intoxication as a defense. *Breland* held that the requisite culpable mental state was "knowingly" while *Gagnon,* relying on previous authority, held that the requisite culpable mental element was one of specific intent.

Section 18–3–206 unequivocally requires only general intent. *See* Colo.Sess.Laws 1977, ch. 224 at 961, striking "intentionally" and inserting "knowingly." Thus, this offense is a general intent crime for which voluntary intoxication is not an available defense. *People v. Breland, supra.*

Judgment affirmed.

PIERCE and PLANK, JJ., concur.