The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Thomas McNEELY, Defendant–Appellant.

No. 00CA1187.

Colorado Court of Appeals.

Nov. 21, 2002.

As Modified on Denial of Rehearing March 13, 2003.

Ken Salazar, Attorney General, Clemmie Parker Engle, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Linda Perkins Cooke, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Thomas McNeely, appeals the judgment of conviction entered on jury verdicts finding him guilty of second degree burglary, first degree criminal trespass, violation of a restraining order, third degree assault, harassment, criminal mischief, and resisting arrest. He also appeals his sentence as an habitual criminal. We affirm.

## I.

Defendant first contends that the trial court erred in denying his motion for mistrial when the prosecution impeached his credibility with a suppressed conviction. We disagree.

The trial court held a hearing regarding defendant's collateral attack on five prior convictions, which were the basis for charging defendant under the habitual criminal statute, § 18–1.3–801, et seq., C.R.S.2002 (formerly § 16–13–101). The trial court denied defendant's motion as to four of the convictions, but sustained it regarding a conviction for criminal impersonation because defendant had entered his guilty plea and been sentenced outside the presence of counsel.

Defendant chose to testify at trial. During cross-examination, the prosecution impeached him with the four convictions that had survived the collateral attack. Then, over defendant's objection, the prosecution impeached him with his conviction for criminal impersonation. After a hearing outside the jury's presence, the trial court instructed the jury to disregard the testimony regarding criminal impersonation.

Defendant moved for a mistrial. The trial court denied the motion.

■ A mistrial is a drastic remedy. The trial court has broad discretion to grant or deny a motion for mistrial. A reviewing court will not disturb a trial court's decision absent gross abuse of discretion and prejudice to the defendant. Moreover, a mistrial is warranted only where the prejudice to the defendant cannot be remedied by other means. *People v. Abbott,* 690 P.2d 1263 (Colo.1984).

■ A reviewing court may not overturn a conviction if the remaining circumstances of the trial rendered the error harmless. *Tevlin v. People,* 715 P.2d 338 (Colo. 1986). For example, "a curative instruction is generally sufficient to overcome an evidentiary error, and an instruction is inadequate only when evidence is so prejudicial that, but for its exposure, the jury might not have found the defendant guilty." *People v. Gillispie,* 767 P.2d 778, 780 (Colo.App.1988). When a jury is instructed to disregard tendered evidence, the reviewing court must presume that it followed the instructions. *People v. Goff,* 187 Colo. 57, 530 P.2d 512 (1974).

■ Here, the trial court issued a curative instruction, stating, "[T]hat felony conviction does not exist. So you are to disregard all testimony regarding that alleged conviction because it does not exist." We conclude that this curative instruction remedied any harm that may have resulted from reference to the invalid conviction. *See People v. Abbott, supra.*

The record shows that defendant was impeached by four valid convictions. We presume that the jurors ignored the invalid conviction as instructed, but considered the valid convictions giving them whatever weight they thought appropriate. Therefore, we conclude that defendant was not unduly prejudiced by the prosecution's improper reference to the invalid conviction because the remaining circumstances of the trial rendered the error harmless.

## II.

Defendant next contends that the trial court erred in denying his due process right to a fair trial when it permitted the prosecution to impeach his credibility with a conviction that was pending on direct appeal. We perceive no error.

The Colorado Rules of Evidence do not address this issue. *Cf.* Fed.R.Evid. 609(e) ("The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible."). Thus, we must look beyond the Colorado Rules of Evidence in our analysis. *See People v. Diaz,* 985 P.2d 83 (Colo. App.1999).

Defendant asserts that *People v. Johnson,* 192 Colo. 483, 560 P.2d 465 (1977), and *People v. Goff, supra,* stand for the proposition that a prior conviction should not be used for impeachment purposes until a judge has determined, through a motion for new trial, that the jury convicted the defendant on competent evidence. He argues that, because a motion for new trial is no longer required as a prerequisite for appeal, final determination of the appeal should constitute the "judicial determination" required before use of the conviction for impeachment. We disagree.

■ The credibility of any witness may be called into question by showing that the witness has been convicted of a felony. Section 13–90–101, C.R.S.2002. A person is convicted when the trial court enters a judgment of conviction after either a verdict or plea of guilty has been entered. *See Swift v. People,* 174 Colo. 259, 263, 488 P.2d 80, 82 (1971)(conviction means, in the "popular sense," a ver-

dict or a plea of guilty); *People v. Baca,* 44 Colo.App. 167, 610 P.2d 1083 (1980)(defendant could be impeached by use of prior conviction where court had accepted guilty plea).

■ Thus, we hold that when, as here, the trial court has entered a judgment of conviction, the conviction may be used for purposes of impeachment at a later proceeding even if the appeal of that conviction is pending. Moreover, here, the court had not only entered a judgment of conviction, but had also sentenced defendant. *See People v. Baca, supra.*

This rule of law is supported by the holdings of the courts of a majority of the states that have not adopted a rule of evidence comparable to Fed.R.Evid. 609(e). *See* J.F. Ghent, Annotation, *Permissibility of Impeaching Credibility of Witness by Showing Former Conviction, as Affected by Pendency of Appeal from Conviction or Motion for New Trial,* 16 A.L.R.3d 726, 728 (1967 & 2001 Supp.). The rationale expressed by the courts in those states applies here, as well. *See, e.g., People v. Bey,* 42 Ill.2d 139, 146, 246 N.E.2d 287, 291 (1969)("the judgment of the trial court is still a determination of guilt which stands until it is reversed"); *State v. Forsyth,* 20 Or.App. 624, 533 P.2d 176 (1975)(the overwhelming majority of judgments of conviction are upheld on appeal); *State v. Herman,* 93 Wash.2d 590, 611 P.2d 748, 751 (1980)("the presumption of innocence is wiped out and the opposite presumption prevails").

Accordingly, when defendant took the stand as a witness, the trial court did not err in permitting the prosecution to impeach him by referring to another conviction that was pending on appeal.

## III.

Defendant next contends that the trial court erred in denying his motion for a new trial based on juror misconduct. We perceive no error.

■ When jury misconduct by nondisclosure is first alleged after the trial, the reviewing court will reverse the trial court's

denial of a new trial only for an abuse of discretion. *People v. Key*, 851 P.2d 228 (Colo.App.1992), *rev'd in part on other grounds*, 865 P.2d 822 (Colo.1994).

■ Prejudice warranting a new trial may be presumed when a juror deliberately or knowingly conceals important information during jury selection. *People v. Espinoza*, 669 P.2d 142 (Colo.App.1983), *aff'd*, 712 P.2d 476 (Colo.1985).

■ Here, one week after trial, defendant moved for a new trial. He alleged that after trial he had discovered evidence that one of the jurors had known him thirty years earlier. The motion asserted that the juror committed misconduct by not revealing her acquaintanceship with him during voir dire.

During voir dire, the trial court asked the jurors whether any of them knew defendant. No one responded in the affirmative.

At an evidentiary hearing on the motion for new trial, the juror testified that she did not recall knowing defendant. However, defense witnesses testified that defendant had been a friend of the juror's husband at the time and that she knew defendant.

Having considered the testimony, the trial court determined that no intentional deception or nondisclosure on the part of the juror had taken place. We conclude that the trial court did not abuse its discretion in denying defendant a new trial on that basis.

## IV.

Defendant also contends that the trial court committed reversible error in failing to conduct a proportionality review of his sentence as an habitual criminal. We agree that the trial court erred, but conclude that the error does not require reversal.

At the sentencing hearing, the trial court sentenced defendant under the habitual criminal statute, § 18-1.3-801(f)(1.5), C.R.S. 2002, to forty-eight years for a second degree burglary, a class three felony. The trial court denied defendant's request for a proportionality review, reasoning that a defendant is entitled to a proportionality review only where a life sentence has been imposed and

that the principle of proportionality is incorporated in the habitual criminal statute.

While at the time defendant was sentenced it may have been unclear whether a proportionality review was required, during the pendency of this appeal the supreme court clarified the issue.

■ During sentencing, upon request, a defendant is entitled to an abbreviated proportionality review of his or her sentence under the habitual criminal statute even if the sentence under review is less than a life term. *People v. Deroulet*, 48 P.3d 520 (Colo. 2002).

■■ "[A]n abbreviated proportionality review consists of a comparison of two subparts, the gravity of the offense and the harshness of the penalty, to discern whether an inference of gross disproportionality is raised." *People v. Deroulet, supra*, 48 P.3d at 527 (citing *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991)(Kennedy, J., concurring)). When conducting an abbreviated proportionality review under the habitual criminal statute, a reviewing court must scrutinize all the offenses in question to determine "whether in combination they are so lacking in gravity or seriousness" as to suggest the habitual criminal sentence is grossly disproportionate. *People v. Deroulet, supra*, 48 P.3d at 524–25 (quoting *People v. Gaskins*, 825 P.2d 30, 36 (Colo.1992); *People v. Mershon*, 874 P.2d 1025, 1031 (Colo.1994)).

■ A court determines whether a crime is grave or serious "by considering the harm caused or threatened to the victim or to society and the culpability of the offender." *People v. Deroulet, supra*, 48 P.3d at 524. Certain crimes are per se grave and serious for purposes of proportionality review. "Specifically, the crimes of aggravated robbery, robbery, burglary, accessory to first-degree murder, and narcotic-related crimes are all 'grave or serious' for the purposes of proportionality review." *People v. Deroulet, supra*, 48 P.3d at 524.

The court in *Deroulet* stated that, in almost every case, "the abbreviated proportionality review will result in a finding that the sentence is constitutionally proportionate,

thereby preserving the primacy of the General Assembly in crafting sentencing schemes." *People v. Deroulet, supra,* 48 P.3d at 526; *see also Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637, 649 (1983)(great deference is due legislative determinations about sentencing, but courts have authority to conduct proportionality reviews if guided by objective principles).

■ When the sentence does not raise an inference of gross disproportionality, it may stand. If, and only if, an inference of gross disproportionality is raised, must the "abbreviated" proportionality review be followed by an "extended" proportionality review. *People v. Deroulet, supra,* 48 P.3d at 526–27 (citing *Harmelin v. Michigan, supra,* and *Alvarez v. People,* 797 P.2d 37, 40 (Colo. 1990)).

■ "[N]o remand is necessary in cases where an extended proportionality review is unnecessary; in such cases an appellate court may conduct an abbreviated proportionality review." *People v. Deroulet, supra,* 48 P.3d at 524.

Thus, here, we conduct our own review.

■ Defendant's conviction for second degree burglary is the current crime, which triggered his adjudication as an habitual criminal. The trial court determined that defendant's prior convictions were for two drug-related offenses and for two traffic-related offenses.

Among these convictions, the current conviction for burglary and the two prior convictions for drug-related offenses are per se grave and serious crimes under *People v. Deroulet, supra,* 48 P.3d 524. At least one of the prior convictions for traffic-related offenses, habitual offender driving after revocation is a class six felony and is based on prior major violations of traffic laws. *See People v. Deroulet, supra,* 48 P.3d at 524 (stating that the court determines whether an offense is grave or serious by "considering the harm caused or threatened to the victim or to society").

Thus, when we consider, in combination, the gravity and seriousness of defendant's current conviction for robbery, his two prior drug-related convictions, and his two traffic-related convictions, and weigh them against his current sentence of forty-eight years in prison, we conclude that no inference of gross disproportionality is raised, especially considering the deference that is due legislative determinations regarding sentencing schemes. *See Solem v. Helm, supra.*

Accordingly, the trial court's failure to conduct the review is harmless error.

## V.

Defendant finally contends that the trial court erred in sentencing him as an habitual criminal. We disagree.

The trial court held an habitual criminal hearing in a previous case, involving the same victim, in which defendant was convicted of burglary, assault, criminal mischief, and violation of a restraining order. The parties agreed that the results of that hearing would apply to any convictions on the charges in this case. The trial court found that defendant had been convicted of four felonies within the previous ten years and held that he would be subject to habitual criminal sentencing.

Defendant asserts that he is entitled to the benefit of amendatory legislation in 1999 that reduced driving with a revoked license from a felony to a misdemeanor. He argues that those convictions are now excluded from consideration in establishing habitual criminal status and that he is, thus, being denied equal protection of the law. We disagree.

■ The record reveals that defendant did not raise an equal protection claim in the trial court. "An issue is not properly preserved for appellate review if, as here, it is not presented to the trial court and is raised for the first time on appeal." *People v. Lesney,* 855 P.2d 1364, 1366 (Colo.1993). For a defendant to fairly present a constitutional claim, the court must "surely be alerted" to the constitutional argument. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865, 868 (1995).

Although defendant asserts that he implicitly raised the equal protection argument,

because he did not do so expressly, we do not consider it here.

The judgment and sentence are affirmed.

Judge DAVIDSON and Judge KAPELKE concur.