No. 24794.

THE PEOPLE OF THE STATE OF COLORADO, EIGHTEENTH
JUDICIAL DISTRICT, ROBERT R. GALLAGHER, JR., DISTRICT
ATTORNEY *v.* ROY ERIC WHISENHUNT.
(476 P.2d 997)

Decided November 9, 1970.

ROBERT R. GALLAGHER, JR., District Attorney, 18th Judicial District, for plaintiff-appellant.

MARTIN P. MILLER, RICHARD B. COSSABOOM, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

RULING on a motion in the trial court to suppress certain evidence, the district court of Arapahoe County granted the motion. The court decision was based on the ground that the affidavit upon which the search warrant was issued did not allege that the possession of the drugs in question was a crime in the State of Colorado. The

district attorney has filed this interlocutory appeal to the court's ruling under C.A.R. 4.1. We hold the court erred in so ruling and reverse.

The defendant-appellee, Roy Eric Whisenhunt, was arrested and charged with the unlawful possession of narcotic drugs (C.R.S. 1963, 48-5-2 and 48-5-20). The search made by the officers resulted in the seizure of quantities of suspected marijuana, hashish, LSD, and various implements associated with the use of these drugs.

The affidavit upon which the warrant issued stated, in pertinent part, that: "Robert Lindgren states and believes that there is a quantity of Cannabis Sativa L. (Marijuana), and hashish located within a residence known and numbered as Apartment 26 at 5954 South Datura, City of Littleton, Arapahoe County, Colorado * * *." The search warrant that was subsequently issued, and served upon the defendant at the time of the search, did state that the possession of the drugs in question was a crime in Colorado.

The requirements for an affidavit are set forth in Crim. P. 41(c) which provides that:

"[a] search warrant shall issue only on affidavit sworn to or affirmed before the judge and *establishing* the grounds for issuing the warrant." (Emphasis added.)

To establish the grounds in an affidavit it is not necessary that the person seeking the search warrant specifically allege therein the conclusion that the possession of the drugs is illegal. The rule provides that if the judge is satisfied from the facts alleged in the affidavit that the existence of one or more of the grounds has been established or that there is probable cause to believe that one or more of the grounds for issuing the warrant exist, then it should issue.

We note that the affidavit in question identifies the drugs, and alleges that they are at the home of the defendant. A judge taking judicial notice of state statutes can ascertain by the specific description of the drugs sought that the possession of one or more of them is a

violation of the laws of the State of Colorado (C.R.S. 1963, 48-5-2 and 48-5-20).

The defendant contra-argues, however, that because not all persons who possess these drugs are doing so illegally (citing the statutes that provide for lawful possession by pharmacists, physicians, etc.) the affidavit must, therefore, allege that the possession is illegal or unlawful.

This argument might well have merit, were it not for C.R.S. 1963, 48-5-18, which refers to our statutes on narcotic drugs as follows:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this article, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this article, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

We held this statute to control in relation to the sufficiency of a complaint or information and also on the matter of proof in *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406.

Thus, the possession of the contraband will be or will constitute a crime unless and until one of the exceptions is proved by the defendant at trial. The burden rests on the shoulders of the defendant to prove that he is a member of the protected class and not, as the defendant would have us hold, on the shoulders of the police to prove that he is without the protected class.

It has long been the policy of this and other courts to encourage the use of the search warrant as a most desirable method of protecting and preserving the constitutional rights of the accused:

"[A]ffidavits for search warrants * * * must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. * * * A grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evi-

dence to a judicial officer before acting." *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. *See Stewart v. People,* 161 Colo. 1, 419 P.2d 650.

 The ruling is reversed.

MR. JUSTICE HODGES not participating.