## No. 26645

### The People of the State of Colorado v. Steven W. Clavey
(530 P.2d 491)

Decided Janury 13, 1975.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, Larry R. Abrahamson, Chief Deputy, for plaintiff-appellant.

Timmermans, Wolfe and Weinland, Kenneth C. Wolfe, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an interlocutory appeal, brought by the district attorney for Larimer County under C.A.R. 4.1 to review a ruling of the district court granting defendant's motion to suppress seized evidence, except two letters. We affirm.

I.

In March, 1974, a customs employee in New York intercepted two letters. They were sent to Denver, where they were opened pursuant to a federal search warrant and found to contain cocaine.

The letters were from Columbia. One was addressed to "Steven Clary" and one was addressed to "David Monterey," the former co-defendant in this case. Drug enforcement agents decided to attempt a controlled delivery. A stakeout was set up, and a police officer watched an unknown male pick up the letters from a residence mailbox and take them back into the house. Immediately thereafter a search warrant was issued, correctly describing the premises to be searched, and also describing the property to be searched for and seized as follows:

"1. Narcotic drugs, the possession of which is illegal;

"2. Implements, paraphernalia, articles, records and papers, designed or intended for use, or which is or has been used as a means of committing a criminal offense, and which would be material evidence of the unlawful possession, use or sale of narcotic drugs;

"3. Letters, papers, clothing, personal effects and all items of evidence which serve to identify the person or persons residing at and in control of the premises searched, which would be material evidence in a subsequent criminal prosecution; * * *"

Five officers executed the warrant. They found the two letters which were the subject of the controlled delivery lying unopened on a coffee table about four feet from the entry door. Then the officers fanned out through the house and seized identification papers, cocaine, pipes, cigarette papers, white cross tablets (later found to be non-narcotic), a substance believed to be marijuana (but later found not to be), and alleged roaches (later found to be mere tobacco).

The defendant Clavey was arrested and charged with possession of a narcotic drug, to wit: cocaine. C.R.S. 1963, 48-5-2. At a later preliminary hearing, the district court found probable cause that Clavey committed the crime charged in the information and bound him over for trial. At a hearing on a motion to suppress, the district court found that the search warrant was faulty, and granted defendant's motion to suppress all evidence except the two letters.

## II.

The district attorney contends that there was probable cause to support the warrant in all respects, and that it comports with the

requirements of the Colorado Constitution, Art. II, Sec. 7, and the Fourth Amendment to the United States Constitution. The defendant argues that the officers illegally extended their search by subterfuge and illegally seized property which should not have been listed in the warrant. The issue is simple: did the knowledge that the police officer had justify a general search of the premises.

An issuing magistrate must be properly apprised of the underlying facts and circumstances which show that there is probable cause to believe that grounds for the issuance of a search warrant exist. Mere conclusory belief or suspicion by an affiant officer is not enough. *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996 (1963).

This affiant officer swore he had probable cause to search for various items, when in fact he did not have probable cause. At defendant's preliminary hearing, the officer testified that he did not have the requisite probable cause to believe there were narcotics, paraphernalia or material evidence at defendant's residence, other than what was contained in the two letters he saw delivered only a few minutes before he signed the affidavit. All other conclusory allegations were not based on knowledge, but were grounded on ''assumption'' unsupported by facts. Therefore, since there was no probable cause to issue the search warrant for anything other than the two letters containing cocaine, the trial court correctly suppressed the rest of the illegally seized evidence.

III.

We are not unmindful of our recent decision in *People v. McGill,* 187 Colo. 65, 528 P.2d 386 (1974). We held in that case that there was probable cause to obtain a warrant to search for and seize a marijuana plant, as well as the other similar narcotics and narcotics paraphernalia which were found in the scope of a reasonable search.

But there are two important distinctions between this case and *McGill.* First, the informant in *McGill* actually saw a growing marijuana plant in the defendants' house in plain view. However, in this case the officer only saw letters being delivered to the house. The police had no knowledge that the defendant was aware of the contents of the unopened envelopes. Also, unlike

*McGill,* this was an exploratory search. The affiant officer used a sworn affidavit with no foundation in fact to obtain essentially a general search warrant, and to seize everything on the premises which even resembled contraband. *See generally Byars v. United States,* 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927); *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *McDonald v. United States,* 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948).

IV.

██ A search warrant should not be broader than the justifying basis of facts. The description of items to be seized must be specific, as the federal and Colorado constitutions demand. *Marron v. United States,* 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927).

Ruling affirmed.

MR. JUSTICE KELLEY dissents.

MR. JUSTICE GROVES does not participate.