The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Demetrius Leslie CONWELL,
Defendant-Appellee.

No. 82SA170.

Supreme Court of Colorado,
En Banc.

Aug. 30, 1982.

Robert L. Russell, Dist. Atty., Daniel C. Zook, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Coca & Dresner, Kenneth Dresner, Colorado Springs, for defendant-appellee.

DUBOFSKY, Justice.

In this interlocutory appeal under C.A.R. 4.1, the People challenge an El Paso County district court's suppression of several pieces of stereo equipment as evidence seized in the course of a search pursuant to warrant. The district court ruled that the affidavit filed in support of the search warrant did not establish probable cause for the search. We reverse the suppression ruling.

On January 12, 1982, a district court judge issued a warrant authorizing a search of the residence at 3840 North Carefree Circle in Colorado Springs for stereo equipment. The supporting affidavit, executed by Colorado Springs police officer Donald R. Stevenson, stated that a Colorado Springs officer made a routine traffic stop, and the person stopped, identified as confi-

dential informant # 177, said that he had information which might assist the police in recovering stolen property.

Officer Stevenson and the officer who made the traffic stop, Officer Lans, interviewed informant # 177 and the substance of the information provided was related in the affidavit as follows:

... 177 informed the officers that he was aware of a burglary that had occurred at 3920 North Carefree and that he is aware of where the stereo equipment from that burglary is located.

177 advised Officer Stevenson and Officer Lans that the stereo equipment which was taken in this burglary was in the Conwell's house at 3840 North Carefree. 177 advised Officer Stevenson that he (Jacques) and his brother, Demetrius had "kicked in that house", pointing to 3920 North Carefree.

Officer Stevenson then transported 177 back out in the area of 3920 North Carefree, at which time 177 pointed out for Officer Stevenson 3920 North Carefree and stated that this was the house that Jacques had said that he and his brother had broken into and gotten the stereo equipment from. 177 advised Officer Stevenson that Jacques had told him that he had some cold blooded stereo equipment and he was going to keep it and not sell it.

177 advised Officer Stevenson that he had been in Jacques house and that he had seen several different pieces of stereo equipment there. Those pieces of stereo equipment were Technic, Pioneer, and several other brands that he was not aware of.

177 advised Officer Stevenson that there were several AM/FM receivers and several different types of speakers that were all in the house in different locations.

The affidavit also contained information that the named owner of the residence at 3920 North Carefree reported to the police on December 29, 1981, that one of the house windows at ground level had been broken and items of property taken from the house included a Pioneer belt-drive turntable, a Technics receiver, a Pioneer tape deck, and two Altec, model 3 speakers. On January 12, 1982, pursuant to the search warrant, the police entered the residence at 3840 North Carefree Circle and seized a Pioneer stereo turntable, a Technics AM/FM stereo receiver, a Pioneer cassette tape deck, and two Altec speakers, model 3.

As a result of the discovery of these items, the defendant Demetrius Leslie Conwell was charged with a number of counts of second-degree burglary under section 18–4–203, C.R.S.1973 (1978 Repl.Vol. 8 and 1981 Supp.) and theft under section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8). The defendant moved to suppress the evidence seized from the search of 3840 North Carefree Circle on the basis that the affidavit upon which the warrant was based contained insufficient information. The district court ruled that because the affidavit relied on an unidentified informant, it lacked the detail necessary for the court to ascertain the credibility of the informant or the reliability of his information and the corroboration of some of the details by the victim of the burglary did not supplement adequately the information supplied by 177. Therefore, the district court ordered the evidence suppressed. We conclude that the court's suppression ruling is based upon an overly technical application of the standard of probable cause to the averments in the affidavit, *People v. Ball*, 639 P.2d 1078 (Colo. 1982) and reverse the ruling of the district court.

 The only issue before us is whether the affidavit supporting the search warrant contained enough information establishing probable cause for the issuance of a warrant under the Fourth Amendment to the United States Constitution. The Fourth Amendment and Art. II, Sec. 7 of the Colorado Constitution provide that no search warrant shall issue without probable cause supported by oath or affirmation. *See also* section 16–3–303, C.R.S.1973 and Crim.P. 41. "Probable cause" depends upon probabilities rather than certainties, on knowledge grounded in the practical consid-

erations of every day life on which reasonable and prudent persons act. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *People v. Ball, supra.* An affidavit supporting a search warrant establishes probable cause for the issuance of a warrant if it alleges sufficient facts for a person of reasonable caution to believe that contraband or material evidence of criminal activity is located on the premises to be searched. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *People v. Ball, supra.* Where probable cause is predicated on information from an undisclosed informant, the affidavit must allege sufficient facts from which the issuing judge may determine independently (1) the adequacy of the informant's basis for his allegations that evidence of crime will be found at the place to be searched,[1] and (2) the credibility of the informant or the reliability of his information. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *People v. Ball, supra; People v. Dailey*, 639 P.2d 1068 (Colo.1982); *People v. Stoppel*, 637 P.2d 384 (Colo.1981).

■ Because information from an undisclosed informant is colored with a certain aura of unreliability, courts protect the warrant process from abuse by requiring a special showing for probable cause to enable an independent judicial determination of credibility or reliability. *People v. Dailey, supra; People v. Ball, supra.* The credibility of the informant or the reliability of his information may be supported by details supplied by the informant, set forth in the affidavit, indicating that the only way the informant could have obtained the information was through a reliable method. *Spinelli v. United States, supra; Draper v.*

*United States, supra; People v. Peschong*, 181 Colo. 29, 506 P.2d 1232 (1973); *People v. MacDonald*, 173 Colo. 470, 480 P.2d 555 (1971). A second method of satisfying the credibility or reliability requirement is the presence of independent, collateral corroboration in the affidavit. Independent corroboration may bring an informant's recitation of details, insufficient by itself, within the standard for probable cause required by the *Aguilar-Spinelli* test. *People v. Clark*, 175 Colo. 446, 488 P.2d 565 (1971); *People v. MacDonald, supra.*[2]

The People maintain that the affidavit contained sufficient detail because the informant told the officers where the burglary occurred, what was taken, who committed the crime and where the items, described with brand names, were located. The People also point to the collateral corroboration provided by the victim who gave brand names of the stolen stereo equipment. The defendant suggests that the affidavit here would have been sufficiently detailed if it included the rooms in which the informant saw the stereo equipment. The suggestion of a requirement that the affidavit detail the particular room in the house relies on advisory language in *People v. Peschong, supra*, listing what an affidavit might contain. A comparison of the *Peschong* affidavit with the one before us demonstrates that the affidavit in the present case contains substantially more detail. In addition, information from informant 177 is corroborated in the affidavit with information from the victim's burglary report.

■ We conclude that the detail provided by the confidential informant combined with the corroborating information from the victim was sufficient to support the issuance of a search warrant. We note that in determining the issue of probable cause a court must interpret the affidavit "in a

---

1. Information provided as a result of personal observations of an informant is sufficient to satisfy this requirement. *People v. Stoppel*, 637 P.2d 384 (Colo.1981). The affidavit contains the basis of informant 177's knowledge; therefore, the first part of the *Aguilar-Spinelli* test is not at issue.

2. An informant's credibility may be established by detailing reliable information supplied by the informant in the past. *People v. Dailey, supra.* Here, however, the information came from a first-time confidential informant and previous reliability does not provide assistance in determining credibility. *People v. Clark, supra; People v. MacDonald, supra.*

commonsense and realistic fashion" and should not require "technical requirements of elaborate specificity." *People v. Ball, supra* at 1082 quoting *United States v. Ventresca, supra* at 108–109; *accord People v. Lindholm,* 197 Colo. 270, 591 P.2d 1032 (1979); *People v. Whisenhunt,* 173 Colo. 109, 476 P.2d 997 (1970).

The ruling is reversed and the case remanded for further proceedings consistent with this opinion.

LEE, J., does not participate.