**The PEOPLE of the State of Colorado,
Plaintiff-Appellant,**

v.

**Donald William CHASE,
Defendant-Appellee.**

**No. 83SA259.**

Supreme Court of Colorado,
En Banc.

Jan. 30, 1984.

---

**316**

Stuart A. VanMeveren, Dist. Atty. Stephen J. Roy, Deputy Dist. Atty., Fort Collins, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, James S. Dostal, Deputy State Public Defender, Fort Collins, for defendant-appellee.

DUBOFSKY, Justice.

In this interlocutory appeal under C.A.R. 4.1, the People challenge a Larimer County district court's suppression of evidence seized pursuant to a search warrant. The district court ruled that the affidavit filed in support of the warrant did not establish probable cause for the search. We reverse the suppression ruling.

On July 1, 1982, a county court judge issued a warrant authorizing a search of the residence at 437 Sunset Street in Fort Collins for controlled substances and paraphernalia. The supporting affidavit, executed by Fort Collins police officer David W. Wilson, stated that a citizen-informant, Jeffrey Klein, had informed the affiant of his conversation with a man named Peter, later identified as Peter Connor, about illicit drug trafficking in Fort Collins. Connor had told Klein that he was the third person in a chain selling cocaine originating in Florida. The cocaine was first distributed to a Denver source, then to a Fort Collins source, and then to Connor. Klein told Officer Wilson that he had made plans to meet Connor at a Fort Collins tavern to purchase an eighth of an ounce of cocaine.

The affidavit stated that police officers met with Klein before his subsequent meeting with Connor to discuss how Klein could assist the police. Klein was searched by officers and given police department money, with recorded serial numbers, to purchase the cocaine. Officer Wilson took Klein to the pre-arranged meeting place, where Klein was observed talking with Connor in a green Ford Pinto. Klein left the car and Connor drove away. A police officer followed Connor to a house at 125 Peterson Street in Fort Collins which was determined to be Connor's residence. Officer Wilson remained at the tavern and spoke with Klein, who said that he had given Connor front money for the cocaine. Connor had told Klein that he had to go to his source for the cocaine and that he would meet Klein at another Fort Collins restaurant in forty-five minutes. While speaking with Klein, Wilson was informed that Connor had left his house on Peterson Street.

According to the affidavit, Connor was followed to a house at 437 Sunset Street. The officers saw him leave eleven minutes later. Connor immediately went to the restaurant and completed the cocaine sale to

Klein. Field tests confirmed that the substance purchased was cocaine.

Based on the information in the affidavit, a county judge issued a search warrant for 437 Sunset Street which was executed the same day. The warrant authorized a search for illegal controlled substances; paraphernalia and records evidencing illegal possession, use or sale of controlled substances; papers or personal effects which would identify persons at the residence; and the money with recorded serial numbers given to Connor by Klein. No one was home when the search commenced. The police officers opened an upstairs padlocked bedroom and discovered cocaine, marihuana, and various items of paraphernalia. Identification papers found in the room indicated that the bedroom was occupied by the defendant, Donald William Chase. During the search, the owner of the house arrived and informed the officers that the defendant rented the upstairs bedroom.

The defendant was charged with possession of a Schedule II Controlled Substance,[1] and possession of marihuana concentrate,[2] and he moved to suppress the evidence seized under the warrant. The district court ruled that the officer's affidavit was insufficient to establish probable cause to believe that cocaine was present at 437 Sunset Street. The court noted that the affidavit established almost as much probable cause to believe that the cocaine was at Connor's house or in his car, as at 437 Sunset Street. Therefore, the court suppressed the evidence. We conclude that the affidavit did establish probable cause for the issuance of the search warrant, and reverse the district court ruling.

▪ The issue before us is whether the affidavit supporting the search warrant contained enough information to establish probable cause for the issuance of a warrant under the Fourth Amendment to the United States Constitution and Art. II, Sec. 7 of the Colorado Constitution. Both constitutions provide that no warrant shall issue without probable cause. *See also*, Section 16–3–303, C.R.S.; Crim.P. 41. "Probable cause" depends upon probabilities and not certainties, on knowledge grounded in the practical considerations of everyday life on which reasonable and prudent persons act. *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *People v. Conwell*, 649 P.2d 1099 (Colo.1982); *People v. Ball*, 639 P.2d 1078 (Colo.1982). "An affidavit supporting a search warrant establishes probable cause for the issuance of a warrant if it alleges sufficient facts for a person of reasonable caution to believe that contraband or material evidence of criminal activity is located on the premises to be searched." *People v. Conwell*, 649 P.2d at 1101. *See Illinois v. Gates, supra; United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *People v. Hearty*, 644 P.2d 302 (Colo.1982); *People v. Ball, supra*. "In determining the issue of probable cause a court must interpret the affidavit 'in a commonsense and realistic fashion' and should not require 'technical requirements of elaborate specificity.' " *People v. Ball*, 639 P.2d at 1082 (quoting *United States v. Ventresca*, 380 U.S. at 108, 85 S.Ct. at 745); *accord People v. Hearty, supra*. Reviewing courts should give deference to a magistrate's determination of probable cause. The traditional standard for review of a magistrate's determination of probable cause is whether the magistrate had a substantial basis for concluding that a search would uncover incriminating evidence. *See Illinois v. Gates, supra; United States v. Ventresca, supra; Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960).

▪ In determining whether there is probable cause, our inquiry initially is limited to the four corners of the affidavit. *See People v. Dailey*, 639 P.2d 1068 (Colo.1982). The affidavit in this case established that Connor had a Fort Collins cocaine source.

---

**1.** Sections 18–18–105 and 12–22–310, C.R.S.

**2.** Section 18–18–106, C.R.S.

The night of the sale, he told Klein that he had to go to his source for the cocaine. Connor subsequently drove to 437 Sunset Street where he remained for eleven minutes, after which he drove immediately to meet Klein and complete the sale. This information would indicate to a person of reasonable caution the probability of cocaine at 437 Sunset Street. While it is true that Connor could have obtained the cocaine from his car or residence, the fact set forth in the affidavit that he had told Klein that he had to go to a source for the cocaine establishes the probability that he went to some third party residing at 437 Sunset Street. We conclude that reasonable and prudent persons would believe, based on these facts, that there was cocaine at 437 Sunset Street. Therefore, the affidavit was sufficient to support the issuance of a search warrant.

In *People v. Hearty*, 644 P.2d 302 (Colo.1982), this court addressed the analogous issue of whether an affidavit established probable cause for a search of the separate residences of three suspects. The district court suppressed the evidence seized from one residence because the information in the affidavit established that the evidence was more likely to be found in one of the other two homes. This court reversed the suppression ruling, holding that the affidavit alleged facts sufficient to support a reasonable belief that evidence of criminal activity was located in any of the three residences. The district court in the present case stated that there was almost as much probable cause to search Connor's residence and car as there was to search 437 Sunset Street. The fact that the police did not request a warrant to search these additional places likely to contain incriminating evidence is irrelevant to the independent determination of probable cause to search 437 Sunset Street.

The defendant established at the suppression hearing that the police officers did not actually see Connor enter or leave the house at 437 Sunset Street. The officers testified that they saw Connor standing on the doorstep and eleven minutes later leaving the yard. These facts do not affect our analysis. While a defendant may challenge the veracity of the information contained in an affidavit, *People v. Dailey, supra,* there is no such challenge here. The affidavit stated that Connor drove to 437 Sunset Street and remained there for eleven minutes. Based on the officers' observations, a reasonable person would believe that Connor had obtained the cocaine from inside the house.

The People assert that if the affidavit did not establish probable cause, the evidence should not be excluded because it was seized by a peace officer as a result of a good faith mistake or technical violation. Section 16–3–308, C.R.S. Our holding that the affidavit established probable cause makes it unnecessary for us to consider this issue.

The suppression ruling is reversed and the case remanded for further proceedings consistent with this opinion.