**PEOPLE of the State of Colorado, County of Boulder, Plaintiff-Appellant,**

v.

**Donald Eugene HILL, Defendant-Appellee.**

**No. 84SA202.**

Supreme Court of Colorado,
En Banc.

Nov. 19, 1984.

---

Alexender M. Hunter, Dist. Atty., Richard F. Good, Deputy Dist. Atty., Boulder, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Steven K. Jacobson, Deputy State Public Defender, Boulder, for defendant-appellee.

LOHR, Justice:

In an interlocutory appeal from the District Court for Boulder County, the People challenge an order suppressing evidence seized from the defendant's motel room and statements made by him after his ensuing arrest. The court ruled that the affidavit supporting the warrant pursuant to which the search was performed did not establish probable cause. We reverse the suppression order.

I.

On September 14, 1983, John Haney, an owner of the Bar L Motel, notified Longmont police of activity that he considered suspicious. Haney told Officer Daniel Kinsey that Donald Eugene Hill, the defendant, had occupied Room # 3 at the motel since September 2, 1983. Hill received approximately twenty visitors daily, and each of them stayed for only a few minutes. Haney observed that the visitors appeared to be buying small items from Hill, but Haney could not identify the purchases. In

addition, Haney reported that he had overheard Hill talking with a visitor about money, that Hill continually burned incense in Room # 3, and that Hill would not permit motel employees to enter his room while he was gone or to change the beds. Haney's wife, Mildred, told Officer Kinsey that Hill's visitors usually did not enter the room, but rather stood talking in the doorway. She also reported that Hill paid for his room in cash and, when doing so, had a large amount of money in his billfold.

On the strength of these statements, and with the help of Officer Craig Earhart, Officer Kinsey set up an observation post in a room across the courtyard from Hill's room on September 15. A detailed description of the results of this surveillance was set forth in an affidavit for search warrant signed by Kinsey. He reported that during approximately nine hours of observation, the two officers saw more than twenty people arrive at different times at the motel parking lot and proceed to Room # 3. Of those who found the room occupied, most stayed less than five minutes. The officers saw one man return from the room, sit in his car and place in his mouth something that appeared to Officer Kinsey to be a marijuana cigarette. Another man was seen on two occasions leaving the room carrying a small cellophane package. The second time, Officer Earhart observed that the package contained a white powdery substance. Earhart, who had previous experience in identifying controlled substances, thought that the contents of the package resembled cocaine.

Officer Kinsey's affidavit, which included the observations reported by the Haneys, was used to obtain a search warrant for Room # 3. Police officers entered the room, removed Donald Hill and another

individual, and found various items of drug-related paraphernalia as well as a small quantity of marijuana and eight bindles of cocaine. The defendant was charged with possession, possession with intent to sell, conspiracy, and sale—all relating to cocaine [1]—and possession of not more than one ounce of marijuana.[2]

After a suppression hearing, the district court ordered that the statements in the affidavit concerning the man carrying the cellophane packets be struck as untrue. Without these statements, the court concluded that the information in the affidavit did not provide reasonable grounds to believe that criminal activity was taking place in the motel room. *See generally People v. Dailey*, 639 P.2d 1068, 1073–76 (discussing procedure for challenging veracity of statements in an affidavit, and effect of finding some statements untrue). Because what the trial court described as a recitation of "numerous visits of short duration" did not "rise to a level sufficient to establish probable cause," the court held that the officers were not validly on the premises, and ordered the evidence suppressed.[3] The court also suppressed statements made by the defendant after his arrest because the arrest was based upon the evidence obtained during the unlawful search. *See, e.g., Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *People v. Saiz*, 620 P.2d 15 (Colo.1980). The People appealed the suppression order.[4] We disagree with the district court's analysis of the affidavit and conclude that it establishes probable cause to support the search of Hill's motel room.

## II.

" 'Probable cause' depends upon probabilities and not certainties, on knowl-

---

1. Section 18–18–105, 8 C.R.S. (1984 Supp.).

2. Section 18–18–106(1), 8 C.R.S. (1984 Supp.).

3. The defendant challenged the search under the Fourth Amendment to the Constitution of the United States and under Article II, Section 7, of the Colorado Constitution. The trial court did not specify whether its ruling was based on the federal constitution, the state constitution, or both. As applied to the facts of the present

case, we perceive no distinction in the analysis to be conducted under these two constitutional provisions.

4. The People note in their brief that, while they disagree with the trial court's order striking from the affidavit the statements about the visitor who carried cellophane packets when leaving Room # 3, they do not argue this issue on appeal. Accordingly, we do not address it.

edge grounded in the practical considerations of everyday life on which reasonable and prudent persons act." *People v. Chase*, 675 P.2d 315, 317 (Colo.1984); *accord, e.g., Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *People v. Ball*, 639 P.2d 1078 (Colo.1982). If an affidavit for a search warrant sets forth sufficient facts for a person of reasonable caution to believe that contraband or material evidence of criminal activity is to be found on the premises, it establishes probable cause to support a search warrant. *People v. Chase*, 675 P.2d 315 (Colo.1984); *People v. Conwell*, 649 P.2d 1099 (Colo.1982); *see Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527; *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. In scrutinizing an affidavit to determine whether it establishes probable cause, a court must interpret that document in a common sense fashion and not hypertechnically. *E.g., United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; *People v. Hearty*, 644 P.2d 302 (Colo.1982); *People v. Ball*, 639 P.2d 1078 (Colo.1982). Moreover, police officers should be encouraged to seek a warrant before performing a search, and cases raising doubts concerning probable cause should be resolved in accordance with this preference for warrants. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *People v. Lindholm*, 197 Colo. 270, 591 P.2d 1032 (1979); *People v. Whisenhunt*, 173 Colo. 109, 476 P.2d 997 (1970).

The trial court concluded that the only evidence of criminal activity remaining in the affidavit after the false statements were excised was the observation of a man putting what looked like a marijuana cigarette to his lips. Since the affiant did not state grounds to support a belief that it was not a hand-rolled tobacco cigarette, since he did not claim expertise in what a marijuana cigarette looks like, and since he

did not state that he could ascertain that it came from the defendant's motel room, the court ruled that the affidavit was insufficient to establish probable cause. We believe that this analysis fails to take into account the full scope of relevant information contained in the affidavit and the permissible inferences to be derived therefrom.

In *People v. Ball*, 639 P.2d 1078 (Colo. 1982), a case very similar to the one now before the court, a neighbor reported a large volume of traffic at the defendant's residence, with visitors remaining only a short time. In that case also, police officers set up surveillance and submitted an affidavit based on the citizen's statements and the officers' observations. In *Ball* we held that numerous short visits to the defendant's home, coupled with a police investigator's observations of two instances of what appeared to be persons sampling drugs during the twenty-five day surveillance, was sufficient to establish probable cause for a search warrant. Under these circumstances we noted that:

> These statements, far from being speculation, described visual observations of specific activities occurring at the defendants' residence. The mere possibility that an inexperienced observer might not equate these activities with criminal conduct does not diminish their significance to an experienced drug enforcement officer, such as the affiant.

639 P.2d at 1083.

In the present case, the affidavit related that Officer Kinsey had personally investigated approximately 200 drug cases, many of which had resulted in convictions; that he had worked for six months in undercover narcotics investigations; that he had used surveillance as an investigative technique in approximately sixty drug cases; and that he was trained in identification of controlled substances. This background lends credence and weight to his conclusion, expressed in the affidavit, that the activities described in the affidavit are "conducive with known drug transactions" with which the officer was personally fa-

miliar. *See United States v. Ortiz,* 422 U.S. 891, 897, 95 S.Ct. 2585, 2589, 45 L.Ed.2d 623 (1975); *People v. Ball,* 639 P.2d 1078, 1082 (Colo.1982). Although of lesser significance, Officer Kinsey's extensive background also provides support for his conclusion that one of the visitors to Hill's room placed something which appeared to be a marijuana joint to his mouth upon returning to his car from Room # 3. These are reasoned inferences by an experienced narcotics investigations officer based in large part on his first hand observations, not mere conclusory allegations founded on assumptions unsupported by facts. *Compare* this case *with People v. Clavey,* 187 Colo. 305, 530 P.2d 491 (1975), relied on by the trial court.

■ In summary, the affidavit describes a pattern of high volume, short duration visits to the defendant's room to purchase small items; unwillingness of the defendant to allow motel employees to enter the room for housekeeping purposes; continual burning of incense in the room; and other facts, all of which caused a seasoned investigator to believe that the defendant was engaging in drug transactions in Room # 3. We believe that, giving the affidavit a common sense interpretation and being mindful that probable cause depends on probabilities rather than certainties, the affidavit contains sufficient facts to establish probable cause to search Room # 3 even after excision of the statements found by the trial court to be false.

We reverse the order of suppression and remand this case for further proceedings.