## No. 25011

### The People of the State of Colorado v. Steven Lyle Craig
(498 P.2d 942)

Decided July 3, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for plaintiff-appellee.

Peter H. Ney, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The defendant, Steven Lyle Craig, was convicted by a jury of first-degree murder and conspiracy to commit first-degree murder. He was sentenced to the state penitentiary for life. On appeal, he advances three contentions which he maintains require a reversal of his conviction. We do not find any of these contentions to be meritorious and we therefore affirm the judgment of the trial court. Inasmuch as defendant's arguments relate to legal and procedural matters, it is unnecessary to set forth the circumstances of this brutal homicide.

## I.

The defendant first argues that it was error to refuse defendant's challenges for cause to certain jurors who had served on a prior jury within one year of service on defendant's jury. Three of the impanelled jurors and six other veniremen stated on voir dire that they had served on other juries the week prior to defendant's trial. In each case, the jury service was performed not at a prior term of court, but during the term of the defendant's trial.

C.R.S. 1963, 78-5-2 provides:

"The fact that any person summoned in any way to serve as a juror in any court of record shall have served as a juror in any of said courts, *at any prior term,* within one year next preceding, shall be sufficient excuse for such person from service, and may also be ground for challenge for cause to such individual summoned." (Emphasis added.)

The plain meaning of this statute is that a juror who has served at a *prior* term of any court of record, which *term* was within one year prior to the trial in question, is excusable for cause on this ground. It does not mean that a juror who has served within one year of defendant's trial, but in the *same* term of court is excusable on this ground. The jurors in question here were not subject to a successful challenge on the basis of this statute. *See Denver Tramway Co. v. Kennedy,* 50 Colo. 418, 117 P. 167 (1911).

## II.

The defendant next asserts that it was error to allow the district attorney to death qualify the jury. Several recent

pronouncements of this court hold that it is not error to exclude from the jury those persons who state that they would not be able to consider and impose the death penalty under any circumstances because of religious, ethical or moral scruples against the death penalty. *See English v. People,* 178 Colo. 325, 497 P.2d 691; *Carroll v. People,* 177 Colo. 288, 494 P.2d 80 (1972); *Padilla v. People,* 171 Colo. 521, 470 P.2d 846 (1970); *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970); *Atencio v. People,* 147 Colo. 566, 364 P.2d 575 (1961). These cases are controlling authority here.

The defendant's other contention of error regarding the selection and composition of the jury panel is without merit.

### III.

Finally, the defendant contends that the court erred in allowing the prosecution to present a co-conspirator's incompetent and prejudicial testimony over the defendant's objection. The objection made to this testimony at trial by defendant's counsel was that it was incompetent because the co-conspirator had not yet been sentenced on his guilty plea and that the district attorney was holding this over the head of the witness. On appeal, the defendant's objection to the testimony is that the district attorney was allowed to elicit from the witness the fact that he was presently incarcerated in jail on charges of first-degree murder and conspiracy to commit murder. Later in his direct testimony, the witness stated that he had pleaded guilty to the conspiracy charge because "I'm guilty of it and I plead guilty to it."

On cross-examination, defense counsel interrogated the witness about the charges pending against him and the reasons for the delay in sentencing. It is true that where the prosecution puts a co-defendant or co-conspirator on the stand and directly and deliberately elicits from him answers concerning his guilty plea to charges arising out of the same event that defendant is charged with, such testimony may be prejudicial and inadmissible against the defendant. *Leech v. People,* 112 Colo. 120, 146 P.2d 346 (1944); *Paine v. People,* 106 Colo. 258, 103 P.2d 686 (1940). It is also true, however,

that this testimony must be considered in light of the entire case in order to determine its prejudicial effect, if any. In our view, while the prosecutor should not have elicited testimony concerning the witness' guilty plea, the evidence of defendant's guilt was so overwhelming as to make the reference to the guilty plea harmless error in this case. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). This is especially true where defense counsel himself questioned the witness about this guilty plea in an effort to impeach his credibility.

Judgment affirmed.

MR. JUSTICE ERICKSON not participating.