The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Larry BRUNNER, Defendant–Appellant.

No. 88CA0569.

Colorado Court of Appeals, Div. II.

April 26, 1990.

Rehearing Denied June 14, 1990.

Certiorari Denied Oct.15, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Susan Baker, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Larry Brunner, appeals the judgment of conviction entered on a jury verdict finding him guilty of distribution of a controlled substance. He contends that the trial court erred in permitting an accomplice to testify that he pleaded guilty to charges based on the same drug transaction with which defendant was charged. We affirm.

## I.

Defendant's accomplice was the prosecution's principal witness concerning the underlying drug transaction. At the start of the trial, without objection by defendant, the prosecution elicited testimony that the accomplice had pleaded guilty to a crime involving LSD, the same LSD with which defendant was charged with distributing, in exchange for dismissal of another charge. The accomplice also testified that he had received a lenient sentence.

If the prosecution puts a co-defendant or co-conspirator on the stand and directly and deliberately elicits from him answers concerning his guilty plea to charges arising out of the same event that defendant is charged with, such testimony may be prejudicial and inadmissible against the defendant. *People v. Craig*, 179 Colo. 115, 498 P.2d 942, *cert. denied*, 409 U.S. 1077, 93 S.Ct. 690, 34 L.Ed.2d 666 (1972). The guilty plea or conviction of a co-defendant may not be used as substantive evidence of another's guilt. *Paine v. People*, 106 Colo. 258, 103 P.2d 686 (1972); *United*

*States v. Davis*, 766 F.2d 1452 (10th Cir.), *cert. denied*, 474 U.S. 908, 106 S.Ct. 239, 88 L.Ed.2d 240 (1985).

If the accomplice testifies, evidence of the accomplice's guilty plea, however, may be admissible for other purposes. Such evidence may be used to show acknowledgement by the accomplice of participation in the offense. *United States v. Davis, supra; United States v. Roth*, 736 F.2d 1222 (8th Cir.), *cert. denied*, 469 U.S. 1058, 105 S.Ct. 541, 83 L.Ed.2d 429, 433 (1984); *Wallace v. Lockhart*, 701 F.2d 719 (8th Cir.), *cert. denied*, 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983).

Further, evidence of an accomplice's plea agreement is relevant to impeach the credibility of the accomplice. *See People v. Pate*, 625 P.2d 369 (Colo.1981); *U.S. v. Davis*, 838 F.2d 909 (7th Cir.1988). It is also proper for the prosecution to elicit testimony of an accomplice's guilty plea to blunt an expected attack on the credibility of the accomplice as a witness. *See United States v. Davis*, 838 F.2d 909 (7th Cir.1988); *United States v. Melton*, 739 F.2d 576 (11th Cir.1984).

Here, the evidence was relevant for both purposes. The testimony was relevant and admissible to show that the witness had participated in the offense and to preempt a defense challenge to the accomplice's credibility. Although defense counsel did not cross-examine the accomplice about his plea, he used it in closing argument to attack the accomplice's credibility. Thus, the evidence was admitted for proper purposes and was not so prejudicial that it was inadmissible under CRE 403.

## II.

Defendant argues that admission of the accomplice's testimony required a cautionary jury instruction informing the jury that the accomplice's guilty plea could not be used as substantive evidence against the defendant. We disagree.

Even when properly admitting such evidence, the trial court should normally instruct the jury that the evidence may be used only for limited purposes and may not be used as substantive evidence of another's guilt. *See U.S. v. Davis*, 838 F.2d 909

(7th Cir.1988). However, here, defendant neither requested a limiting instruction nor objected to the evidence, thus limiting the scope of review to plain error. *See* Crim.P. 52(b).

■ Under the plain error rule, reversal is required only if the error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987).

■ In light of the strong case against defendant, we conclude that the absence of a limiting instruction did not constitute plain error. *See People v. Scheidt, 182 Colo. 374, 513 P.2d 446 (1973); People v. Craig, supra; U.S. v. Davis, supra,* 766 F.2d 1452. The accomplice's testimony about the drug transaction was corroborated by two undercover police officers, who testified that in their presence, defendant said his supplier would bring the LSD to a nearby location, where the drug was seized and the defendant was arrested.

The judgment is affirmed.

SMITH and DUBOFSKY, JJ., concur.