The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Sean Dean LANKFORD, Defendant–Appellant.

No. 89CA1019.

Colorado Court of Appeals, Division C.

March 14, 1991.

Rehearing Denied April 18, 1991.

Certiorari Denied Oct. 28, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Griffith, Beach & Allin, Otis W. Beach, Bradford L. Allin, Fort Collins, for defendant-appellant.

Opinion by Chief Judge STERNBERG.

The defendant, Sean Dean Lankford, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree sexual assault and first degree burglary. We affirm.

The defendant and a codefendant were charged with the offenses in question. The charges emanated from an attack on a woman during which, according to the prosecution's evidence, defendant beat and held the victim down while the codefendant performed the actual sexual assault. The codefendant pleaded guilty before defendant's trial and, although called as a prosecution witness at defendant's trial, was uncooperative and gave conflicting testimony.

The defendant first contends that the evidence was insufficient to support his conviction as a complicitor for first degree sexual assault because the element of penetration was not proved beyond a reasonable doubt. We disagree.

If the sufficiency of the evidence is challenged on appeal, our task is to determine whether the evidence, both direct and circumstantial, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that each essential element of the crime charged has been proved beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

One element that must be proved to convict of first degree sexual assault is that the defendant knowingly inflicted sexual intrusion *or* sexual penetration on the victim. Section 18–3–402(1), C.R.S. (1986 Repl.Vol. 8B). Sexual penetration means sexual intercourse and "[a]ny penetration, however slight, is sufficient to complete the crime." Section 18–3–401(6), C.R.S. (1986 Repl.Vol. 8B). Sexual intrusion means "any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue, or penis, into the genital ... opening of another person's body...." Section 18–3–401(5), C.R.S. (1986 Repl.Vol. 8B). Thus, contrary to the defendant's contention, a conviction for first degree assault can stand based only on proof of sexual intrusion.

At trial, when the victim was asked whether the defendant's partner had achieved penetration, she responded, "I think so, a little bit, but I'm not sure." Then the codefendant testified that he did not penetrate the victim. However, the court permitted the People to impeach him, and he admitted that he had entered a guilty plea to a crime which contained "penetration" as an element. He further admitted that when pleading guilty, he stated to the judge that there had been an intrusion by his fingers. In our view, this evidence was sufficient proof of a sexual intrusion. *See* § 16–10–201, C.R.S. (1986 Repl.Vol. 8A).

Additionally, an investigator testified that the codefendant had stated to him that they "raped" the victim. Applying the commonly understood meaning of the term "rape," this testimony also provides evidence of the element of penetration.

In sum, the victim's testimony, the admission of pleading guilty to a crime involving penetration, of intrusion with fingers and the use of the word "rape" serve as evidentiary support from which the jury could conclude, beyond a reasonable doubt, that either penetration or intrusion or both had taken place.

*People v. Brunner,* 797 P.2d 788 (Colo. App.1990) does not compel a different re-

sult. There, we held that the fact an accomplice entered a guilty plea may not be used as substantive evidence of another's guilt. Here, it is not the plea itself that is being used; instead, the codefendant's testimony at the time of pleading guilty constitutes substantive evidence of penetration.

The other contentions of error are disposed of by this determination.

The judgment is affirmed.

HODGES * and KELLY *, JJ., concur.