Vernon E. **WAGNER**, Plaintiff–Appellant,

v.

Ron **HILKEY**, Rio Blanco County Sheriff, Defendant–Appellee.

No. 94CA1252.

Colorado Court of Appeals, Div. III.

July 27, 1995.

Rehearing Denied Oct. 5, 1995.

Certiorari Granted April 8, 1996.

Harshman, McBee & Coffman, Donald L. McBee, Grand Junction, for plaintiff-appellant.

Younge & Hockensmith, P.C., Earl G. Rhodes, Grand Junction, for defendant-appellee.

Opinion by Judge TAUBMAN.

In this action seeking damages, plaintiff, Vernon E. Wagner, appeals the judgment entered in favor of defendant, Ron Hilkey, on a directed verdict as to his claim of malicious prosecution and the judgment entered on a jury verdict as to his claims of outrageous conduct and abuse of process. We affirm.

■ The dispositive issue presented in this appeal is whether tort claims may lie against an individual based solely upon his or her testimony as a witness before the grand jury. We hold that such a witness is absolutely immune from civil liability.

This action arises out of a criminal investigation of Wagner conducted by Hilkey, the Rio Blanco county sheriff. In 1987, two Rio Blanco county residents alleged that Wagner had forged their signature on registration forms with the American Quarter Horse Association. Based upon these allegations and his subsequent investigation, Hilkey contacted the district attorney's office.

In late 1987, the district attorney impaneled a grand jury to investigate the allegations against Wagner. Hilkey and at least one of the complaining residents testified before the grand jury. As a result, the grand jury returned an indictment against Wagner on four counts of forgery. He was later charged with perjury based upon his own grand jury testimony. Wagner was tried and acquitted on all counts.

Subsequently, Wagner filed this action, and his claims for malicious prosecution, abuse of process, and outrageous conduct were presented to a jury.

On Hilkey's motion *in limine,* the trial court excluded from evidence Hilkey's grand jury testimony on the basis that he had absolute immunity from civil liability arising from his testimony before the grand jury. However, the court rejected Wagner's similar motion to prevent Hilkey from presenting Wagner's grand jury testimony because it concluded he had no such immunity.

Upon Hilkey's motion for directed verdict at the close of Wagner's case-in-chief, the trial court dismissed Wagner's claim of malicious prosecution. The jury returned a verdict in favor of Hilkey on the abuse of process and outrageous conduct claims. This appeal followed.

Wagner now contends that the trial court erred in refusing to submit his claim for

malicious prosecution to the jury. He also asserts that the trial court erred in excluding Hilkey's testimony before the grand jury while denying his similar request to exclude his own grand jury testimony. We conclude that all of Wagner's claims should have been dismissed and, therefore, we reject both contentions.

A motion for directed verdict is properly granted if the evidence, considered in a light most favorable to the nonmoving party, compels the conclusion that a reasonable person would not disagree and when no evidence has been presented that could sustain a jury's verdict against the moving party. *Morgan v. Board of Water Works,* 837 P.2d 300 (Colo.App.1992). Conversely, if there is competent evidence to support a jury verdict, it will not be disturbed on appeal. *Brewer v. American & Foreign Insurance Co.,* 837 P.2d 236 (Colo.App.1992).

A correct judgment will not be disturbed on review, even if our analysis differs from that of the trial court. *Norwest Bank Lakewood v. GCC Partnership,* 886 P.2d 299 (Colo.App.1994).

Based upon his complaint and his case-in-chief, Wagner claims that he was entitled to damages because Hilkey had lied to the grand jury and the false testimony caused him to be wrongly indicted. We conclude that such claims are not actionable.

Except to the extent it is repealed either expressly or by the passage of inconsistent legislation, the common law of England prevails in Colorado. Section 2–4–211, C.R.S. (1980 Repl.Vol. 1B); *Shoemaker v. Mountain States Telephone & Telegraph Co.,* 38 Colo.App. 321, 559 P.2d 721 (1976).

At common law there exists an absolute immunity of witnesses from subsequent civil liability for their testimony in judicial proceedings. Further, such absolute immunity exists even if the witness knew the statements were false and made them with malice. *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (citing English cases dating back to 1585).

Also, at common law, a witness before a grand jury had absolute immunity. *Anthony*

*v. Baker,* 955 F.2d 1395 (10th Cir.1992); *Strength v. Hubert,* 660 F.Supp. 878 (M.D.Ala.1987), *aff'd,* 854 F.2d 421 (11th Cir. 1988).

Although *Briscoe* was limited to testimony given at the trial stage of a criminal proceeding, several courts have applied its holding to the testimony of grand jury witnesses. *See Grant v. Hollenbach,* 870 F.2d 1135 (6th Cir. 1989); *Strength v. Hubert,* 854 F.2d 421 (11th Cir.1988); *Kincaid v. Eberle,* 712 F.2d 1023 (7th Cir.1983); *Briggs v. Goodwin,* 712 F.2d 1444 (D.C.Cir.1983). Moreover, although these cases concerned claims brought pursuant to 42 U.S.C. § 1983, the *Briscoe* Court concluded that in enacting that statute Congress did not intend to abrogate the common law and that, for purposes of § 1983 analysis, there are no material differences between the English rule and the American rule. *Briscoe v. LaHue, supra.* Hence, the reasoning of these cases is applicable here.

Additionally, *Briscoe* held that the absolute immunity for witnesses is fully applicable to police officers who testify in a criminal trial. When appearing as a witness, a police officer may reasonably be viewed as acting like any other witness sworn to tell the truth, and thus, he or she can make a strong claim to witness immunity. *Briscoe v. LaHue, supra.* We conclude such is the case here.

In *Briscoe,* the Court observed that the common law rule of absolute immunity for witnesses was created to minimize witness intimidation which might otherwise discourage persons from testifying. Further, once witnesses do testify, the absolute immunity enhances reliability because those who testify will be less likely to distort their testimony in favor of a future plaintiff in a civil suit for damages.

These policy considerations are even more important in a grand jury setting. Crim.P. 6.2 mandates that grand jury proceedings be kept secret. Grand jury secrecy encourages witnesses to testify freely with respect to the commission of crimes. *In re P.R. v. District Court,* 637 P.2d 346 (Colo.1981).

Wagner, both in his complaint and on appeal, maintains that he initiated this action because Hilkey's untruthful grand jury testi-

mony caused Wagner to be wrongly indicted. Inasmuch as the record reveals that Hilkey merely testified to the results of his investigation, we find this assertion tenuous at best. In any event, we hold that Wagner's claims are barred because Hilkey is protected by absolute immunity from civil liability based upon his testimony before the grand jury.

Accordingly, we conclude that all of Wagner's claims against Hilkey should have been dismissed and, thus, that judgment in favor of Hilkey on all the claims was proper. Consequently, we affirm the judgment reflecting that result. *See Norwest Bank Lakewood v. GCC Partnership, supra.*

In light of this disposition, we need not address Wagner's additional contention that the trial court erred in admitting his grand jury testimony during the trial.

Judgment affirmed.

METZGER and PLANK, JJ., concur.