The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Kenneth B. GALLEGOS, Defendant–
Appellant.

No. 95CA0889.

Colorado Court of Appeals,
Div. II.

July 10, 1997.

As Modified on Denial of Rehearing
Aug. 14, 1997.

Certiorari Denied Feb. 2, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Richard E. Mishkin, Lakewood, for Defendant–Appellant.

Opinion by Judge BRIGGS.

Defendant, Kenneth B. Gallegos, appeals the judgment of conviction entered upon jury verdicts finding him guilty of attempted second degree assault, felony menacing, and possession of a dangerous weapon. He contends the trial court erred in admitting evidence of a friend's guilty plea, in rejecting his tendered self-defense instructions, and in failing to inform the jury that defendant had requested an instruction on a lesser non-included offense as part of his theory of defense. We affirm.

Defendant stopped a car he was driving and fired five rounds from a shotgun. One or more of the rounds was fired in the direction of a group of five individuals, at least one of whom had been running toward the vehicle. Defendant had previously been harassed by members of the group and, on one occasion, had been physically attacked.

Defendant and a friend were arrested and charged with attempted first degree murder, attempted first degree assault, felony menacing, and crime of violence. The friend had been one of three passengers in the car defendant was driving and had handed the shotgun to defendant. The friend pleaded guilty to lesser offenses as part of a plea agreement and testified at defendant's trial.

## I.

■ Defendant contends the trial court erred in admitting evidence that his friend pleaded guilty to menacing with a deadly weapon and conspiracy to commit first degree assault. We disagree.

On direct examination by the prosecutor, defendant's friend testified that the car defendant had been driving had been "stalling," in that it had been taking "a while" to pick up speed when the driver stepped on the gas pedal. He had noticed that, as defendant was turning left, another car, which he recognized as belonging to a member of the other group, began approaching with its headlights off. Defendant attempted to turn, but the car again would not accelerate when defendant pushed on the gas pedal. Defendant then stopped the car.

The friend further testified that members of the other group got out of the car he had seen, as well as another behind it, and started throwing cans, and maybe rocks. One can landed in the friend's lap and another hit the car's hood. At that point, defendant took the shotgun and fired several times. The friend saw defendant fire the first two shots in the air. He did not see where defendant aimed the remaining shots because he "turned around and looked back."

When the friend described the car's acceleration problem, the prosecutor directed his attention to meetings between the two the previous week and asked why he had not disclosed the information then. The friend responded that the prosecutor had not asked about car trouble and that he must have forgotten about it during the meetings.

At the close of the direct examination, and outside the presence of the jury, the prosecutor asked the court for permission to question the friend regarding his guilty pleas. As grounds for admitting evidence of the plea, the prosecutor asserted that the friend had testified to events he had not previously mentioned and the plea was admissible to impeach his trial testimony.

The trial court, relying on *People v. Brunner,* 797 P.2d 788 (Colo.App.1990), permitted the prosecutor to impeach the witness by questioning him about his guilty plea. In *Brunner,* a division of this court held that an accomplice's guilty plea is not admissible as substantive evidence of the defendant's guilt, but may be admissible to demonstrate participation by the witness in the crime, to blunt an expected attack on the credibility of the accomplice as a witness, or to impeach the accomplice's credibility.

On appeal, defendant asserts that, because his friend admitted the inconsistency between his testimony at trial and his prior statements to prosecutors, evidence of the guilty pleas was unnecessary to impeach the witness and was unfairly prejudicial. Hence, defendant contends, *Brunner* is not applicable and the trial court erred in admitting the evidence.

Neither the trial court nor the parties, at trial or on appeal, addressed whether the evidence was admissible pursuant to § 13–90–101, C.R.S. (1987 Repl.Vol. 6A). We therefore requested supplemental briefing to address that issue. We conclude that the statute is dispositive of defendant's contention. *See Wagner v. Hilkey,* 914 P.2d 460 (Colo.App.1995)(a correct judgment will not be disturbed on appeal, even if the reviewing court's analysis differs from that of the trial court); *Biel v. Alcott,* 876 P.2d 60 (Colo.App. 1993).

Pursuant to § 13–90–101, evidence of a prior felony conviction is admissible to impeach the credibility of a witness. The supreme court has determined that whether such a conviction does in logic and fact detract from the credibility of the witness, whether a jury does in fact limit its use to the witness' credibility, and whether, if not, its use is an injustice, are questions not open to us. *Lacey v. People,* 166 Colo. 152, 442 P.2d 402 (1968).

Indeed, under § 13–90–101 the trial court does not have the discretion to foreclose the use of the name, date, and nature of a witness' prior felony conviction for impeachment purposes, *see Molnar v. Law*, 776 P.2d 1156 (Colo.App.1989), and the nature of a conviction can be established by a brief recital of the circumstances. *See People v. Hardy*, 677 P.2d 429 (Colo.App.1983). Only the extent of the examination into those circumstances is within the trial court's discretion. *See People v. McGhee*, 677 P.2d 419 (Colo.App.1983); *People v. Hardy, supra.* In light of § 13–90–101 and the decisions interpreting and applying it, we decline to follow *Brunner* to the extent it suggests any different or additional analysis.

A guilty plea acts as a conviction and has the same effect as a verdict rendered by a jury. *See* § 16–7–206, C.R.S. (1986 Repl. Vol. 8A); *People v. Palmer*, 42 Colo.App. 460, 595 P.2d 1060 (1979). Consequently, even if a prior felony conviction is obtained by a guilty plea, it is admissible to impeach a witness' credibility under § 13–90–101. *See People v. Gagnon*, 703 P.2d 661 (Colo.App. 1985); *People v. Baca*, 44 Colo.App. 167, 610 P.2d 1083 (1980). The statute makes no exception for guilty pleas by an alleged accomplice that are based on the same incident leading to the charges against the defendant.

Here, in response to the prosecutor's questioning, the friend admitted he had pled guilty to menacing with a deadly weapon and conspiracy to commit first degree assault, both felonies. The trial court then properly instructed the jury that evidence of the guilty plea could not be used as substantive evidence of the defendant's guilt, but only for the limited purpose of impeaching the friend's credibility.

The record reflects that the prosecutor's questioning concerning the convictions was brief. Defendant on appeal does not challenge, separate from the trial court's admission of the guilty pleas, its admission of any additional details concerning the pleas.

Further, defendant did not present such a separate challenge to the trial court. Hence, even if the issue were properly raised on appeal, reversal would be required only if admission of such evidence constituted plain error. *See* Crim. P. 52(b). Plain error has occurred when, after a review of the entire record, the reviewing court concludes, with fair assurance, that the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Walker v. People*, 932 P.2d 303 (Colo.1997).

Here, admission into evidence of those few details the prosecutor elicited from the friend concerning his guilty pleas did not constitute plain error. Hence, even if the issue were properly before us, reversal would not be warranted.

Defendant cites *People v. Craig*, 179 Colo. 115, 498 P.2d 942 (1972) to support his contention that the trial court must exercise some discretion before admitting evidence of an alleged co-conspirator's guilty plea. In that case, the supreme court held that the trial court erred in admitting evidence of a co-conspirator's plea of guilt to conspiracy to commit murder, one of the charges against the defendant.

However, we do not read *Craig* as requiring any different analysis or result here. The Supreme Court in *Craig* did not cite to SECTION 13–90–101, and nothing in its opinion indicates the evidence was introduced for the purpose of impeaching the credibility of the co-conspirator's testimony. While we agree that a trial court may err in introducing such evidence for other purposes, here it is undisputed that the prosecutor sought to introduce the evidence for the specific purpose of impeaching the witness' credibility.

We therefore conclude the trial court did not err in admitting evidence of the witness' prior felony convictions. Nor is reversal required because the court admitted evidence concerning some details of those convictions.

## II.

Defendant asserts the trial court erred in rejecting his tendered self-defense jury instructions. We disagree.

The defendant tendered to the trial court several instructions regarding self-defense.

The court rejected the instructions and instead instructed the jury as follows:

It is an affirmative defense to the crimes ... that the defendant used physical force upon another person

1. in order to defend himself or a third person from what he reasonably believed to be the use or imminent use of unlawful physical force by the victim or those whom the defendant reasonably believed were acting in concert with the victim in the use or imminent use of unlawful physical force against the defendant, and

2. he used a degree of force which he reasonably believed to be necessary for that purpose.

Defendant argues this instruction did not permit the jury to consider whether he acted reasonably given the victim's history of aggression towards him. However, the instruction tracked *CJI–Crim.* 7:16 (1983), the pattern jury instruction, and conformed to the language of § 18–1–704(1), C.R.S. (1986 Repl. Vol. 8B), the self-defense statute.

An instruction in the language of the statute is generally considered to be sufficient. *See People v. Luu,* 813 P.2d 826 (Colo.App.1991); *People v. Brewer,* 720 P.2d 583 (Colo.App.1985). Further, it is unnecessary to give an instruction that is encompassed in other instructions given by the court. *See People v. Ridenour,* 878 P.2d 23 (Colo.App.1994)(not error for court to refuse a tendered instruction, even if correct in legal effect, if other instructions apprise jury of appropriate law).

The supreme court has held that the instruction given here adequately advises the jury that it is to consider the totality of the circumstances in evaluating the reasonableness of defendant's actions. *Beckett v. People,* 800 P.2d 74 (Colo.1990). It has further concluded that the instruction permits the jury to consider whether, from the defendant's viewpoint, he was justified in using force in self-defense. *Hare v. People,* 800 P.2d 1317 (Colo.1990).

Defendant's theory of the case instruction also explicitly informed the jury that defendant "only used the shotgun when, while acting on the totality of the circumstances as they appeared to him that evening, he had reasonable grounds to believe" he was in imminent danger of bodily harm. And, consistent with the instructions given, defense counsel further stressed in closing argument that, in considering the reasonableness of defendant's conduct, the jury could consider the "totality of the circumstances" and defendant's "knowledge of the people he was dealing with."

The trial court's instructions adequately apprised the jury of the law of self-defense. Therefore, the court did not err in rejecting the additional instructions on self-defense tendered by defendant. *See People v. Willner,* 879 P.2d 19 (Colo.1994); *People v. Ferrero,* 874 P.2d 468 (Colo.App.1993).

## III.

Defendant finally contends the trial court erred in the manner in which it instructed the jury regarding the lesser non-included offense of possession of a dangerous weapon. He argues that, although the court gave an instruction, as he had requested, that properly defined the offense, it erred in not additionally informing the jury that defendant had requested the instruction as part of his theory of the case. Defendant further argues the instruction given was inadequate because it did not inform the jury of its option to convict him of the lesser offense and acquit him of the charged offenses. We disagree.

At trial, defendant did not object to the instruction. Hence, we again review his contentions under a plain error standard of review.

A defendant is entitled to an instruction on a lesser non-included offense as part of the theory of the case, if it is supported by the evidence. *See People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974); *People v. Skinner,* 825 P.2d 1045 (Colo.App.1991). However, we are not aware of any authority requiring the trial court, *sua sponte* or otherwise, to give an additional instruction informing the jury that a lesser non-included offense was given as part of the defendant's theory of the case.

Further, a separate instruction listed the crimes with which defendant was charged and did not include the lesser non-included offense of possession of a dangerous weapon. Hence, the jury was not affirmatively misled into believing the offense was a charge brought by the prosecution.

■ Likewise, we are not aware of any authority requiring the trial court, *sua sponte* or otherwise, to give an additional instruction expressly stating that the jury has the option of acquitting defendant of the charged offenses and finding him guilty only of the lesser non-included offense. It was sufficient that the instructions given informed the jury that, if it decided the prosecution had proved each element of the crime charged or of the lesser offense, it should find defendant guilty as charged or of the lesser offense; that if the prosecution had failed to prove one or more of the elements of the crime charged or of the lesser offense, it should find the defendant not guilty of the offenses not proven; and that the defendant could be found guilty or not guilty of any one or all of the offenses charged. *Cf. People v. Bustos,* 725 P.2d 1174 (Colo.App.1986).

Further, defense counsel explained to the jury in closing argument that he was seeking not guilty verdicts on all counts, except for possession of a dangerous weapon. Thus, the jury was aware of defendant's position.

In these circumstances, we find no plain error in failing to give the jury additional instructions concerning the lesser non-included offense. *See People v. Wortham,* 690 P.2d 876 (Colo.App.1984)(failure to give additional instruction not plain error if the instructions given adequately informed the jury of the offenses charged and defenses asserted).

Judgment affirmed.

PLANK and DAVIDSON, JJ., concur.