**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

APR 3 2001

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

SEAN DEAN LANKFORD,

      Petitioner - Appellant,

vs.

JUANITA NOVAC; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 00-1409
(D.C. No. 00-Z-1484)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

Sean Lankford was convicted of first-degree sexual assualt and first-degree

burglary.   While burglarizing an apartment in a search for guns, Mr. Lankford

beat and held the victim down while a codefendant sexually assaulted her.  People

v. Lankford, 819 P.2d 520, 521 (Colo. Ct. App. 1991); see also People v. Drake,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G).  The cause is therefore ordered submitted without oral argument.

841 P.2d 364, 365 (Colo. Ct. App. 1992). His conviction was affirmed on appeal and the Colorado Supreme Court denied review. Lankford, 819 P.2d 520. In his habeas petition pursuant to 28 U.S.C. § 2254, he contends that the Colorado courts' rejection of his first post-conviction motion as time-barred violates the due process and equal protection guarantees of the United States Constitution. He contends that the Colorado courts misapplied Colo. Rev. Stat. § 16-5-402(d) (2000), which provides an exception to the three-year limitation period set forth in Colo. Rev. Stat. § 16-5-402(1). Section 16-5-402(d) applies where "the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect."

No other federal claims are contained in the federal petition. Thus, it is unnecessary to consider the procedural bar aspects of the state court's rejection of Mr. Lankford's petition. See generally Klein v. Neal, 45 F.3d 1395, 1398-99 (10th Cir. 1995) (finding that time bar of § 16-5-402 constituted an adequate and independent state ground). It is well established that states may place reasonable time limitations on the assertion of federal rights. See Francis v. Henderson, 425 U.S. 536, 540-41 (1976); Michel v. Louisiana, 350 U.S. 91, 97-98 (1955); see also People v. Wiedemer, 852 P.2d 424, 436-40 (Colo. 1993) (rejecting due process and equal protection challenges to § 16-5-402). We also reject Mr. Lankford's "as applied" challenge. Whether a defendant has demonstrated

"justifiable excuse or excusable neglect" is a factual matter determined in accordance with state law, specifically the standards in Wiedemer, 852 P.2d at 441-42, and People v. Heitzman, 852 P.2d 443, 447-48 (Colo. 1993). Moreover, the premise of Mr. Lankford's as applied challenge, that he is untrained in the law and did not have counsel, does not implicate federal constitutional rights. Coleman v. Thompson, 501 U.S. 722, 752 (1991) (noting that there is no constitutional right to counsel in state postconviction proceedings).

We DENY the motion to proceed in forma pauperis, DENY a certificate of appealability, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge